## LIPSHITZ & COHEN *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF GEORGIA.

No. 68. Argued October 21, 1925.—Decided November 16, 1925.

An agent of the United States listed junk for sale at several forts, the list setting forth the kinds, and weight of each, at each location, with a statement, however, that the weights shown were approximate and must be accepted as correct by the bidder. Plaintiffs, without other information or inquiry, bid a lump sum for the material, "as is where is," the purchaser to remove it; and the offer was accepted. The quantities turned out to be much less than those so listed. *Held,* a contract for the specific lots, without warranty of quantity; and that plaintiffs, standing on the contract, had no cause of action for the profits they would have made on resale if the quantities had been as listed.

Affirmed.

ERROR to a judgment of the District Court in favor of the United States, defendant in an action on a contract.

*Mr. Henry A. Alexander,* for plaintiffs in error.

*Solicitor General Mitchell, Assistant to the Attorney General Donovan,* and *Messrs. Howard W. Ameli* and *Joseph Henry Cohen,* Special Assistants to the Attorney General, were on the brief, for the United States.

Mr. Justice McReynolds delivered the opinion of the Court.

Plaintiffs in error seek to recover profits which, it is alleged, would have been realized if the United States had complied with their agreement to deliver approximately 1,530,600 pounds of obsolete material. The cause was heard by the District Judge without a jury. He found the facts and upon them held that the contract had not been broken.

An agent of the United States put out a schedule which stated that certain obsolete material, classed as cast iron, cast and forged steel, armor steel, brass, bronze and lead, was held for sale at six specified forts. It set out the weights of each class at each place, and was headed—" List of junk for sale and location of same. The weights as shown below are approximate and must be accepted as correct by the bidder." Plaintiffs in error made a written offer at the foot of the schedule sheet to pay $1,055, " for all the above described material, as is where is, for which we are enclosing you Cashier's check for 20% of the amount—$211—with our option to remove material within six months from acceptance of this bid. . . ." This was accepted May 24, 1922. " At the time the offer was made and accepted the plaintiff did not inspect the material for sale at any of the fortifications, and had no knowledge of such material other than that given by the contract. It was later found in junk piles at the various forts."

In the following July the purchasers began to remove the material and found nearly all items short. Aggregated, these shortages amounted to approximately one-half of the total weight stated in the original schedule, but there is nothing to indicate bad faith. They complained but made no effort to repudiate or annul the contract.

Supporting his judgment in favor of the United States, the District Judge said—" Since the Government is not in

the business of buying and selling and its agents are authorized only to offer for sale such material as has been condemned as obsolete or useless, taking the language of this offer and acceptance I am of opinion that the contract must be construed as one offering to sell an approximate quantity of such cast iron, brass [cast and forged steel, bronze, armor steel] or lead, and as one offering to sell all of the materials of these descriptions which were on hand at the various points named, the intention being not to make a sale by the pound or ton, but to make an entire sale of specific lots of obsolete material, whether more or less than the weight, and to include all thereof. . . . I am satisfied that they [plaintiffs] cannot claim that this contract, worded as it was, has been broken because it turned out that there was less, even greatly less, of some of the materials described as on hand than the description would have led the purchaser to suppose. It is not made to appear that the United States failed or refused to deliver any of the material that was actually at the forts named at the time the contract was made."

We approve this construction of the agreement. Applicable principles of law were announced by Mr. Justice Bradley, speaking for the court in *Brawley* v. *United States,* 96 U. S. 168, 171. The negotiations had reference to specific lots. The naming of quantities cannot be regarded as in the nature of a warranty, but merely as an estimate of the probable amounts in reference to which good faith only could be required of the party making it.

It is not necessary for us to consider whether the contract is sufficiently formal to comply with the requirements of R. S. 3744.

The judgment of the court below must be

*Affirmed.*