Campbell, Chief Justice,
delivered the opinion of the court:
The facts appear in the stipulation by the parties. The plaintiff submitted its bid for certain surplus property offered by the Government, the terms of the offer appearing in the findings. Among these was a provision that a dis *846 crepancy in the actual quantities of articles sold and available for delivery would not invalidate a sale or be a basis for a claim, but it was provided: “ The purchaser will be required to pay, on the basis of the purchase price, for what he actually receives.” Manifestly, this quotation is not intended to be opposed to the preceding statement relative to the invalidation of the sale or basis for a claim. What is meant is that a shortage in the quantity could not be made a basis for a claim for damages as upon a breach of a contract, and this is consistent with the provision that the purchaser would be required to pay for what he got. In this case the plaintiff paid for over 57,000 yards of the cloth mentioned in the catalogue. When delivery of the cloth was made shortages were discovered and the plaintiff made complaint of this condition. The cloth was then measured in the presence of the officers of the Government having the matter in charge, and the expense of this measurement was born by the plaintiff. It developed that there was an aggregate shortage of 1,087% yards. The plaintiff’s claim for refund of the amount at the purchase price was recommended for payment. The Assistant Attorney General, when the case was submitted, stated to the court that he saw no defense to the claim. We concur in this view. Judgment should be rendered in favor of the plaintiff for the amount claimed, being the overpayment at the prices stated in its bid, which amount should be refunded to it. And it is so ordered.
Geaham, Judge; Hat, Judge; DowNet, Judge; and Booth, Judge, concur.