## MOTTRAM *v.* UNITED STATES.

APPEAL FROM THE COURT OF CLAIMS.

No. 142.   Argued January 15, 1926.—Decided April 12, 1926.

Where a lot of goods, among surplus military supplies auctioned by
the United States, was grossly overstated as to quantity in the
list of things advertised for sale, and the auctioneer, in ignorance
of the mistake, accepted a bid for the listed quantity, but informed
the bidder that he could not guarantee it, and the sales, according
to the catalogue, were subject to errors of description and without
warranty, and the bidder had previously inspected the goods and
could have ascertained their true amount, *held* that he had no
cause of action against the United States for failure to deliver the
quantity bid for.

59 Ct. Cls. 302, affirmed.

APPEAL from a judgment of the Court of Claims dis-
missing appellant's petition.

*Mr. Jennings C. Wise,* with whom *Messrs. John S.
Wise, Jr.,* and *A. Warner Parker* were on the brief, for
appellant.

*Solicitor General Mitchell* and *Assistant Attorney Gen-
eral Galloway* were on the brief for the United States.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Plaintiff filed his petition claiming £44,773, 16s., 3d.
damages because of failure of the United States to de-

liver him certain steam packing for which he bid at an
auction sale of surplus war materials held at Slough, Eng-
land.  The Court of Claims made findings of fact and
gave judgment for the United States dismissing the
petition.

By an Act of Congress approved May 10, 1918, c. 70,
40 Stat. 548, the President was authorized to sell property
acquired in connection with the prosecution of the War.
Pursuant to that Act, an agreement was made by an army
contracting officer, acting for the United States, with J.
G. White & Company, Limited, of London, by which the
latter agreed to sell at auction engineers' stores and equip-
ment enumerated and described in an inventory com-
piled by such officer.  The selling agents agreed to em-
ploy the auctioneer and other persons required to prepare
and distribute catalogues and to conduct the sale.  They
employed an auctioneer to sell the stores and equipment
at the United States Engineers' Depot at Slough, and
advertised an auction sale to be held at that place on
June 24, 1919, and days following.  They issued a cata-
logue purporting to contain a list giving descriptions and
quantities of the things to be sold.  It showed that the
United States was vendor, and specified that, " The whole
shall be sold, with all faults, imperfections, errors of de-
scription, in the lots of the catalogue . . . and
without any warranty whatever, the buyers being held to
have satisfied themselves as to the condition, quality, and
description of the lots before bidding . . ."  There
were listed twenty-two lots of steam packing, and eleven
of these were described as Garlock packing.  Due to an
error in transcribing a list furnished by the officer in
command at the depot, the quantity of each lot of Gar-
lock packing was expressed in hundred-weights instead
of pounds; and so indicated one hundred times the quan-
tities intended.  Plaintiff received notice of the sale
through the press and from the catalogue which was fur-

nished to him at his request by the auctioneer. He made many visits to the depot before the sale, and had full opportunity to ascertain the character and quantities of the property to be sold. At his request the Garlock packing was shown to him by one of the employees at the depot on the day before the sale. It was all housed together, and he had full opportunity to determine its quantity. He then had the catalogue which listed 278,432 pounds for sale. It would have required 560 cases to hold that amount and 15,000 cubic feet of space to house it. Such a quantity would have supplied the needs of Great Britain for that article for twenty years. June 25, 1919, the plaintiff attended the sale as a bidder. And when the Garlock packing was offered, and after the question of the quantity of such packing had been raised and the auctioneer had stated that he would not guarantee any quantity, the plaintiff bid three and one-fourth pence per pound for the lots of Garlock packing shown by the catalogue to amount in all to 278,432 pounds; and these lots were knocked down to him at that price.

The auctioneer did not know that a mistake had been made in the catalogue, and sent plaintiff a bill which included the amount bid for the packing. June 30, 1919, plaintiff sent a check for the amount of the bill to the sales agents. The same day he gave to one Davies an option to buy from 50 to 90 tons of the packing. The option contained the following clause: "Subject to the quantity being in stock as sold by the U. S. A." When the sales agents received the check, they knew that there was no such quantity of steam packing at the depot. July 4, 1919, plaintiff was notified that a mistake had been made and that no such quantity had ever been at the depot. He then wrote the sales agents that he expected delivery of the quantity for which he had paid.

9542°—26——2

They answered explaining the mistake, and stated that they considered the explanation sufficient to close the incident with the return of the money. Plaintiff replied that he would hold them to the contract; and afterwards he made demands for delivery of the quantity erroneously stated in the catalogue. Delivery was refused on the ground that the quantity demanded had never been in existence. Under an arrangement that it was done without prejudice to either party, there was returned to the plaintiff the amount paid by him according to his bid for the packing.

It was not the purpose of the United States to sell any property other than that belonging to it and then at its depot at Slough; and the facts found show that plaintiff so understood when he made his bid. The authority to sell conferred by Congress was limited to property acquired for the prosecution of the War. More than seven months had elapsed after the Armistice; a large part of the American Expeditionary Forces had been withdrawn from Europe, and the United States was disposing of its surplus war supplies there. Plaintiff was warned by the statement in the catalogue that the sales were to be held subject to errors of description and were to be made without any warranty. He went to see the packing and had opportunity to determine quantities. It was obvious that the amount stated in the catalogue was erroneous and enormously in excess of that on hand. Plaintiff made his bid after the auctioneer had stated that he would not guarantee any quantity of Garlock packing. And the clause in the option to Davies shows that he was not relying on the statement of quantity in the catalogue.

It is clear that the facts are sufficient to show that when plaintiff made his bid he was charged with knowledge that the United States was not offering for sale any such quantity of Garlock packing as stated in the catalogue. He was not entitled to a greater amount than the United

States had in the depot at Slough. There was no finding that delivery of that quantity was refused or that he was willing to accept it. He cannot recover. *Lipshitz and Cohen* v. *United States,* 269 U. S. 90; *Brawley* v. *United States,* 96 U. S. 168, 171. Cf. *Hummel, Trustee,* v. *United States,* 58 Ct. Cls. 489, 494.

*Judgment affirmed.*