Graham, Judge,
delivered the opinion of the court:
This is a suit in which the plaintiff seeks to recover losses sustained in the purchase of material from the defendant upon the ground of a breach of an alleged warranty of the material.
The defendant in a circular dated February 2, 1922, advertised for sale certain materials, among which were “ Towels, huckaback, cotton, 2,601,985 each; condition new.” The conditions of sale contained in the circular are the same as those in the case of Triad Corporation v. United States, decided by this court February 14, 1927, ante, p. 151. The proposal stated that the material was sold “as is” and “where is,” without “ warranty or guaranty as to the quality, character, condition, size, weight, or kind,” or that the material “ is in condition to be used for the purposes for which it was originally intended, and no claim for any allowances upon any of the grounds aforesaid will be considered after the prop *289 erty is awarded.” It also contained a provision to the effect that “Failure on the part of any purchaser to inspect any property ivill not be considered as grounds for any claim or adjustment or rescission of any sale.”
As was stated by the court in the Triad case, supra, it is difficult to see how the Government could have given prospective bidders fuller notice than it gave — that it was only selling what it had in the condition in which it was. Opportunity for inspection was afforded plaintiff, and it is clear that if he bid without inspection or after inspection he was bound by his bid.
It was known that the Government was not in the business of manufacturing and selling material, and the letter of acceptance stated that “ Sales are made under this agreement in good faith and from reported verifications of surplus stock.”
The towels which the plaintiff purchased were stored in bales in the warehouse. A number of bales were opened for inspection, and the plaintiff was given an opportunity to examine them as thoroughly as he desired, and he did examine them. It is true that he demanded the privilege of examining other bales so that he might have what he called a “hundred per cent inspection,” which wras refused by the warehouseman, with the statement that he would have to get an order from the officer in charge before this could be done. It does not appear that plaintiff asked for such an order, but afterwards put in his bid for the material. He paid the amount of his bid and the goods were transferred to his possession and to another warehouse. After delivery it transpired that a portion of the goods was damaged, partly by reason of heat operating on the tar paper in which the goods were wrapped and partly by dampness of the floor of the Government warehouse. The goods had been in the possession of the Government almost four years.
There is some evidence that the warehouseman and the subordinate officer who made the selection of samples knew of the damaged condition of the towels. This was not a sale by sample under the terms of the proposal; it was a sale of a quantity of towels without guaranty or warranty as to their quality, character, condition, or kind, or that they *290 were fit to be used for the purposes for which they were originally intended, and it was stated that no claim for allowances upon any of the grounds aforesaid would be considered after the property was awarded.
It does not appear that the authorized official having charge of the sale knew of the damaged condition of the towels. In any event, under the terms of the proposal the officer making the sale had no authority to enter into any warranty as to the condition of the material or vary the terms of the proposal. The case of Triad Corporation, supra, and authorities cited therein are controlling against plaintiff’s right to recover.
But there is another phase of the case. The plaintiff, after discovering that the goods were damaged, did not demand a rescission of the sale or offer to return the towels, but asked for an allowance on account of diminished value due to their damaged condition. After this was refused he sold the goods. He thus waived the alleged breach. By disposing of the material and putting himself in a position wdiere he was not able to return it he is estopped from claiming, assuming he had a right to claim, a rescission of the contract. Veazie v. Williams, 8 How. 134, 158; Andrews v. Hensler, 6 Wall. 254, 258; and Neblett v. MacFarland, 92 U. S. 101, 103.
The petition should be dismissed, and it is so ordered.
Moss, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.