Graham, Judge,
delivered the opinion of the court:
This case grows out of the sale of surplus Government property. The questions involved have been passed upon several times by this court, as well as by the Supreme Court.
The Government on September 30, 1919, sent out a circular proposal for bids for the purchase of certain lots of grain and bread bags. The bags were in bales at Port Kearny, N. J. The sale took place at Long Island City.
The proposal contained provisions similar to or identical with those in other cases decided by this court (Triad Corporation v. United States, 63 C. Cls. 151; Samuel & Sons v. United States, 61 C. Cls. 373, 380; Lipshitz & Cohen v. United States, 269 U. S. 90, 92), among others, that the inspection of supplies or material was invited and that the *543 inspection should be made before the opening of the bids as thereafter no allowance would be made' under the terms of the sale on account of material not being as represented; that the sale was “ as is ”; that the Government assumed no responsibility after award, and under no consideration would a claim for refund or readjustment be entertained on account of supplies not coming up to the standard of expectations.
The plaintiff bid upon a certain quantity of bags and received and paid for the same in full according to his bid. Several weeks after the delivery of the bags and after he had sold a portion of them, he filed a complaint with the officer in command at Long Island City to the effect that the number of bags delivered was less than the number purchased, that some of them were short in length, some had to be resewed, and some were valueless on account of deterioration.
Clearly, under the proposal and the decisions cited, there can be no recovery except as to the shortage in the number of bags delivered to plaintiff. The sale was “ as is,” an opportunity was given for inspection, and notice was given that no allowance would be made on account of materials not being as represented.
Plaintiff did not attempt to inspect the goods at Port Kearny where they were deposited, although the proposal invited inspection. By disposing of a portion of the goods he waived the alleged breach and put himself in a position where he was not able to return the goods and ask for a rescission of the contract. See Herman H. Panama v. United States, 63 C. Cls. 283, and cases there cited.
This was a sale of a quantity of bags without guaranty or warranty as to their condition. There is no evidence of bad faith on the part of the Government. The material was sold for what the Government believed it to be. See Triad Corporation ease, supra. In thes.e sales the Secretary of War was authorized to sell only what the Government had. Mottram v. United States, 59 C. Cls. 302, 271 U. S. 15, 19, and Hummel, trustee, v. United States, 58 C. Cls. 489, 494.
It appears from the findings that the number of bags delivered to plaintiff was 5,522 less than the number he purchased, and he should be allowed the purchase price of $0,093 *544 for each bag, or $513.55. It is so ordered. See Shanhouse Sons, Inc., v. United States, 61 C. Cls. 840.
Moss, Judge; Booth, Judge; and Campbell, Chief Justice, concur.