Green, Judge,
delivered the opinion of the court:
The defendant leased of the plaintiff certain rooms described as “containing approximately 4,100 square feet of floor space.” It was later discovered that these rooms contained only 2,726.15 square feet. When the lease was terminated, if the defendant was bound to pay the rent at the monthly rate provided in the lease, there was due and still unpaid the sum of $2,000.39; but, if, under the lease, the defendant was bound to pay only $1.73} per square foot per annum (being the rate at which defendant would have paid if there had been 4,100 feet), the plaintiff has been overpaid in rental the sum of $433.96.
The findings show that the lease was ambiguous. No definite amount was rented, the lease stating that the rooms *181 contained approximately 4,100 square feet. In the case of Lipshitz & Cohen v. United States, 269 U. S. 90, a quantity of junk was sold in different parcels, the weight of which was listed, but the schedule upon which plaintiffs relied stated, “ The weights as shown below are approximate and must be accepted as correct by the bidder,” and it was held that there was no warranty as to the weight. The same rule was applied in the case of Brawley v. United States, 96 U. S. 168, in which it was said, in substance, that where a quantity was named with the qualification of “ about ” or “ more or less,” or words of like import, the naming of the quantity is not regarded as in the nature of a warranty but only an estimate, and that good faith is all that is required of the party making it. While the variance is large in the case at bar, it is not as great as in the Lipshitz & Cohen case, supra, where the amount was only about one-half of the approximate amount stated, and no claim is made that the statement was not made in good faith. Moreover, the representatives of the defendant, prior to making the lease, inspected the premises and were given a blue print of the rooms rented, drawn to scale, from which a calculation could very easily and quickly have been made of the amount of floor space contained therein. The testimony shows that in Cleveland at that time it was customary to rent office space either by the gross or net area contained therein. The gross area included halls, toilets, closets, etc. The rooms rented by defendant comprised about one-half of the space of the story of the building upon which they were located.
We conclude that the statement of the amount of floor* space was not intended as a warranty, and as there is no claim that it was not made in good faith, we think the plaintiff is entitled to recover the amount of the unpaid rent under the terms of the lease, and judgment will be entered accordingly.
Sinnott, Judge; Moss, Judge; Graham, Judge; and Booth, Chief Justice, concur.