Williams, Judge,
delivered the opinion of the court:
On August 30, 1921, the United States, by its officers authorized for that purpose under the provisions of the acts of July 9, 1918, and July 11, 1919, held a regularly advertised public auction sale at Brooklyn, New York, of a surplus supply of Army blankets. The plaintiff made a bid, which was accepted for 15,900 blankets, as follows:
Lot No. 384, class 4, 6,000, at $2.25 each_$13, 500
Lot No. 385, class 6, 5,000, at $2.65 each_ 13,250
Lot, No. 386, class 10, 4,900, at $3 each- 14, 700
41, 450
Upon the acceptance of its bid the plaintiff paid the purchase price of $41,450, and thereafter the blankets so purchased were delivered to it.
The blankets were sold under the terms and conditions set out in a catalogue issued by the Government for the purposes of the sale, which contained, among other provisions, the following:
“All articles * * * will be sold ‘ as is ’ and ‘ where is ’ * * *. Samples of same on display are believed to be representative and descriptions accurate. However, inspection is urged prior to sale, as no claims will be entertained should the articles vary from the samples or not come up to the expectations of the purchaser as to condition, quality, color, size, weight, width, construction, shape, or for any other reason. No claims or refunds will be entertained on account of any £ swells ’ or ‘ leaks,’ or damage to cans, packages, or containers resulting from ‘ leaks,’ or from any other cause. * * * No claims will be entertained except in shortage in delivery to the authorized representative of the purchaser.”
The day before- the sale the plaintiff’s president visited the Government warehouse where the blankets advertised in the catalogues for sale were stored and made a personal inspection of numerous bales of the same. He knew the conditions of the sale, had copies of the catalogues of sale, and was given every opportunity to examine fully the entire lot of blankets offered for sale as aforesaid.
The plaintiff knew that the blankets bid for and purchased by it were all “reclaimed” or used blankets. Class No. 4 *417 were of a wool content of less than 75 per cent, were reworked wool or wool substitute, reclaimed, and of a weight of 3 pounds. Class No. 6 were of a wool content of less than 75 per cent, reworked wool or wool substitute, reclaimed, weight 4 pounds. Class No. 10 were of a wool content of less than 75 per cent, reworked wool or wool substitute, reclaimed, weight 5 pounds.
The plaintiff resold to its customers the blankets purchased as aforesaid in the original bales of 20 blankets each as blankets of the description of either class 4, 6, or 10, blankets as described by the markings upon the outside of the bales. Its customers complained and charged the plaintiff with misrepresentation, in that many of the blankets contained in the bales delivered to them were torn, had holes in them, or were unfit for use as blankets. The plaintiff was compelled to make adjustments with its customers, with the result that it suffered a loss on the transaction, whereupon it requested from the Government an adjustment in price on account of the condition of the blankets or for the privilege of returning such of the blankets as remained on its hands unsold. The War Department refused to make the adjustment requested and plaintiff brings suit to recover the sum of $25,000, its asserted loss.
This court has repeatedly held that in case of a sale of surplus Government property, such as was made here, where the advertised terms of the sale are that the property is sold “ as is ” and “ where is,” and wherein it is a condition of sale that no claims will be considered on account of quality, weight, or condition of goods sold, or for any other cause except for shortage in delivery, a recovery can not be had against the Government on any grounds other than a shortage in delivery of the property sold. Triad Corp. v. United States, 63 C. Cls. 151, S. Brody v. United States, 64 C. Cls. 538.
No question of misrepresentation or fraud is raised by the plaintiff. It purchased the blankets at its own risk, after being afforded the fullest opportunity to inspect them. There was no shortage in delivery, and whatever errors, if any, crept in while the blankets were being baled can not *418 be charged against the Government, who acted in the utmost good faith. It did not in any way insure or warrant the condition of the goods sold. The plaintiff in common with all other bidders at the sale was urged to make investigation prior to the sale of the goods, and had the privilege of personally inspecting all of the blankets offered for sale before submitting its bid. The Government is not responsible if the plaintiff failed to make a full inspection and acquaint itself with the exact condition of all blankets purchased. Panama v. United States, 63 C. Cls. 283.
There was no shortage in the number of blankets received by the plaintiff. They were purchased “ as is ” and “ where is,” without warranty on the part of the defendant, and the plaintiff can not recover. .
The petition of the plaintiff is hereby dismissed. It is so ordered.
Littleton, Judge; Green, Judge; Graham, Judge; and Booth, Chief Justice, concur.