## W. E. HEDGER CO., Inc., v. UNITED STATES.*
### No. 393.

Circuit Court of Appeals, Second Circuit.
July 24, 1931.

George Z. Medalie, U. S. Atty., of New York City (Arthur H. Longfellow, Sp. Asst. U. S. Atty., of New York City, of counsel), for the United States.

Single & Single, of New York City (Horace T. Atkins, of New York City, of counsel), for appellee.

*Certiorari granted 52 S. Ct. 130.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

It is clear that the government's department of sales understood that the Ballenas was equipped with a towing engine and that the petitioner thought so too. But it is equally clear that the petitioner was fully advised that it had no right to rely on the description of the tug showing more than such an understanding which the government had and disclosed in good faith. Great pains were taken to put the petitioner on its guard against being misled by any descriptive matter, and it is plain the government was selling just a vessel called Ballenas with whatever equipment it might have and in whatever condition it might be. Not only did the petitioner know that, as it applied generally to all sales of the government's surplus vessels, but its bid for the Ballenas was accepted upon the expressly stated condition that "* * * the sale shall be subject to the Board's standard conditions, under which no warranty is made as to the completeness of equipment. * * *" The petitioner did not buy a tug and a towing engine separately, but bought a tug which it supposed was equipped with a towing engine; that is, the subject-matter of the sale was a vessel with its equipment included, and, if this equipment did not include a towing engine, none was actually included in the sale that was made, although the parties believed otherwise. We do not stop to consider whether the mistake of both parties would have given the petitioner the right to rescind the contract upon discovery of the mistake, for no rescission was attempted.

Although a towing engine was supposed to be a part of the equipment of the tug, when the petitioner was informed that its bid was accepted without warranty "as to the completeness of equipment," it certainly was required to satisfy itself in so far as it saw fit as to the completeness of the equipment of the Ballenas, for it was put on notice that the government's description of the tug was no more than a representation of its own understanding and not further to be relied upon. The petitioner knew that it bought the Ballenas just as it was and that the government was to be under no liability if it did not prove to be as described. Perhaps it was not bound to take the tug. Whitney v. Boardman, 118 Mass. 242. But, having accepted it, there can be no recovery, for it has received just what it bought; though not what it thought, without legal justification for so thinking, that it was buying. Kibbe v. Woodruff et al., 94 Conn. 443, 109 A. 169. Compare, Maguire & Co. v. United States, 273 U. S. 67, 47 S. Ct. 274, 71 L. Ed. 540; Mottram v. United States, 271 U. S. 15, 46 S. Ct. 386, 70 L. Ed. 803; Lipshitz & Cohen v. United States, 269 U. S. 90, 46 S. Ct. 45, 70 L. Ed. 175.

Decree reversed, with directions to enter a decree for the appellant.