**WESTERN NON-FERROUS METALS CORPORATION, a corporation, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 38043.

United States District Court
N. D. California, S. D.

April 4, 1961.

Bacigalupi, Elkus & Salinger, San Francisco, Cal., for plaintiff.

Laurence E. Dayton, U. S. Atty., H. H. Brandenburg, Sp. Asst. U. S. Atty., San Francisco, Cal., for defendant.

ROCHE, District Judge.

Plaintiff sues to recover damages alleged to have been suffered by reason of defendant's breach of contract and/or breach of warranty in the sale of surplus property.

The essential facts are not disputed. Plaintiff submitted the winning bids on various "items" of surplus aluminum offered for sale by the Naval Supply Center in Oakland, California. The unit of sale was the number of pieces listed for each item, e. g., Item 41—668 gussets, Item 43—63 pipes, etc. Contained in defendant's description of each item was an estimated total weight. Defendant delivered the correct number of pieces but actual weight fell short of the estimated totals by some 30,525 pounds or 17.21%. Plaintiff, which had contracted to resell the scrap by weight, now seeks to recover damages caused by the shortage. Its claim is based upon allegations that defendant was obligated to seek and furnish the "best available information" for its descriptions and failed to do so, that defendant warranted its descriptions to be based upon the "best available information" and they were not, and finally, that defendant refused to make an adjustment for the shortage, which adjustment was called for by the terms of the contract.

The contractual provision upon which plaintiff stakes its claim states that "the description is based upon the best available information." When read in the context of the unequivocal language in which it is set, it is clear that it would be erroneous to interpret the provision as obligating defendant to

make any efforts whatever to obtain reliable information, or to interpret it as a warranty that the information supplied is the best information that can be obtained.[1] The reasonable and apparent interpretation is that defendant represents only that it possesses no information better than that which is offered. Good faith is all that is required. Standard Magnesium Corporation v. United States, 10 Cir., 1957, 241 F.2d 677. And plaintiff has expressly disclaimed any intention of imputing bad faith to defendant. In summary, there is nothing in the language of this contract to distinguish its meaning from that of similar language which has been described as applying the rule of caveat emptor to the furthest possible limits, and upon which defendant has prevailed in situations similar to this. Lipshitz & Cohen v. United States, 1925, 269 U.S. 90, 46 S.Ct. 45, 70 L.Ed. 175; Standard Magnesium Corporation v. United States, supra; United States v. Hathaway, 9 Cir., 1957, 242 F.2d 897; United States v. Silverton, 1 Cir., 1952, 200 F.2d 824; American Elastics v. United States, 2 Cir., 1951, 187 F.2d 109.

■ Nor is paragraph 20 of the "General Sales Terms and Conditions" of help to plaintiff here.[2] For each item in question, "estimated weight" was offered, only as part of defendant's description of the property and not as a measure of quantity. The unit of sale for all property was "each" or by the piece, rather than by weight. There was no discrepancy between the quantities offered and those delivered so far as the chosen unit of sale was concerned. Clearly, paragraph 20 refers only to such a variation. Hence, plaintiff was not entitled to an adjustment.

It is the conclusion of the court that judgment shall be rendered for defendant and that plaintiff shall take nothing by its complaint. The prevailing party may submit Findings of Fact and Conclusions of Law in accordance with the foregoing.

1. "2. Condition of Property.—All property herein is offered for sale 'as is' and 'where is,' and without recourse against the Government. If it is provided herein that the Government shall load, then 'where is' means f. o. b. conveyance at the point specified in the Invitation. The description is based upon the best available information, but the Government makes no guaranty, warranty, or representation, expressed or implied, as to quantity, kind, character, quality, weight, size, or description of any of the property, or its fitness for any use or purpose, and no claim will be considered for allowance or adjustment or for recission of the sale based upon failure of the property to correspond with the standard expected; this is not a sale by sample."

2. "20. Adjustment for Variation in Quantity: Any variation between the quanty or weight listed for any item and the quantity or weight of such item tendered or delivered to the Purchaser will be adjusted on the basis of the unit price quoted for such items; but no adjustment for such variation will be made when an award is made on a 'Price for the Lot' basis. When property is sold on a unit price basis, the Government reserves the right to vary the quantity tendered or delivered to the Purchaser by *10* per cent. If the Government tenders or delivers a quantity up to *10* per cent in excess of that stated in the Invitation to Bid, the Purchaser agrees to accept such quantity and pay the Government therefor at the unit price set forth in this contract. If the Government tenders or delivers a quantity less than that stated in the Invitation to Bid, the Purchaser agrees to accept the quantity tendered or delivered unless the variation exceeds *10* per cent of the quantity stated in the Invitation to Bid. In the event of a shortage the Government will refund to the Purchaser the difference between the quantity paid for and the quantity delivered, calculated upon the basis of the unit prices set forth in this contract."