## NATIONAL LABOR RELATIONS BOARD v. KOHEN–LIGON–FOLZ, Inc.

### No. 10225.

Circuit Court of Appeals, Fifth Circuit.

May 28, 1942.

Robert B. Watts, Gen. Counsel, N.L.R.B., Ernest A. Gross, Associate Gen. Counsel, N.L.R.B., and Thurlow Smoot, Atty., N.L.R.B., all of Washington, D. C., for petitioner.

Emil Corenbleth, of Dallas, Tex., for respondent.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

While the order under review here does contain other requirements, the real controversy over its enforcement centers around its provision requiring reinstatement of one Anna Lee Hewitt, with back pay.

Respondent urges; (1) that by refusing to receive and consider admissible, and by receiving and considering inadmissible, evidence, the Board has prevented the full development and fair decision of the issue;

and (2) that taking the record as it stands, the finding of the Board, that Anna Lee Hewitt was discharged because of her union activities, finds no substantial support in the evidence.

We cannot agree with respondent. The complaint as to evidence excluded presents nothing for our consideration for the brief neither sets out, nor points to any part of the record setting out, the facts with reference to these complained of rulings. The complaint that though respondent had, in May, 1940, posted notices required by the Board, the Board in this proceeding, received evidence of unfair practices occurring before that posting, stands no better. It was for the Board to consider the whole of the evidence including the prior practices, the posting and the practices thereafter, and, according to each piece of evidence its proper weight, determine the issue before it, International Association of Machinists, etc., v. N. L. R. B., 311 U.S. 72, 61 S.Ct. 83, 85 L.Ed. 50; N. L.R. B. v. Hawk & Buck Co., 5 Cir., 120 F.2d 903. On the merits the case is one of those of which the books are full, where though there is substantial evidence on which the Board could have based a contrary finding, there is also substantial evidence on which the finding it did make, securely rests.

Respondent correctly states the law of the case when it says: "An employer may discharge or refuse to reemploy one of his employees for any reason, just or unjust, except discrimination because of union activities and relationships, and the controlling and ultimate fact which determines an issue of the kind here presented is, what was the true reason back of the discharge." This does not mean however that the reason for the discharge may not be sought in the circumstances surrounding it, but must be taken as testified to by the one who gave the order of discharge. There is evidence that the discharged employee was a trouble maker, that she violated a company rule, and that she was not discharged for union activities but because of these facts. There is evidence on the other hand however, from which it may be found as the Board did, that the rule, for violation of which she was discharged, was more honored in the breach than in the observance, and that while it was put forward by the company in this case as the reason, it was but the pretext for the discharge, the real reason being the antipathy which her union activities had generated against her, and the seated purpose of the company to eradicate union influence. Without setting the evidence out, it is sufficient to say that the evidence on which the Board based its finding, is in the record and is substantial.

The petition for enforcement is granted.