## VICTOR MFG. & GASKET CO. v. NATIONAL LABOR RELATIONS BOARD.

### No. 9762.

United States Court of Appeals
Seventh Circuit.

May 20, 1949.

Rehearing Denied June 20, 1949.

Henry E. Seyfarth, Lee C. Shaw, Owen Fairweather, Robert W. MacDonald, Chicago, Ill., for petitioner.

David P. Findling, Associate General Counsel, A. Norman Somers, Assistant General Counsel, Robert E. Ackerberg, Owsley Vose, and George H. Plaut, Attorneys, National Labor Relations Board, Washington, D. C., for respondent.

Before KERNER, MINTON, and DUFFY, Circuit Judges.

KERNER, Circuit Judge.

This is a petition to review and set aside an order of the National Labor Relations Board, based on findings that petitioner had interfered with, restrained, and coerced its employees in the exercise of the rights guaranteed them, and had discriminatorily discharged an employee because of his union activities, thereby violating § 8(1) and (3) of the National Labor Relations Act, 29 U.S.C.A. § 158(1) and (3). Upon these findings the Board ordered petitioner to cease and desist from the unfair labor practices, and to reinstate Charles Pletka and make him whole for the loss of any pay he may have suffered.

Petitioner makes the point that Pletka was discharged because he had engaged in union activity on company time in violation of an established company rule, while the

868

Board insists that the finding that Pletka was discharged for union activities is supported by substantial evidence, considered as a whole, and asks that the order be enforced.

■ Of course, the Act does not interfere with the normal right of an employer to select his employees or to discharge them. He may discharge them for violation of his orders or rules, or for any reason, just or unjust, except that he may not discharge them because of union activities, and where it is claimed that the employer was justified in discharging an employee, the controlling and ultimate fact which determines the issue is, what was the true reason back of his discharge. National Labor Relations Board v. Kohen-Ligon-Folz, 5 Cir., 128 F.2d 502. But in deciding that issue, the Board is not bound to accept the employer's explanation of the discharge.

■ Petitioner argues that there is a total absence of positive and direct testimony that it discharged Pletka because of union activities. It asserts that the Board relied on inference in the face of strong and impelling positive testimony that Pletka was discharged for a violation of a company rule. While it is true that the provisions of the Labor Management Relations Act of 1947, 29 U.S.C.A. § 141 et seq., give reviewing courts more latitude, that Act does not provide for a hearing de novo. National Labor Relations Board v. Austin Co., 7 Cir., 165 F.2d 592, and National Labor Relations Board v. Caroline Mills, 5 Cir., 167 F.2d 212. See also National Labor Relations Board v. Sandy Hill Iron & Brass Works, 2 Cir., 165 F.2d 660.

■ By § 10(e) of the Act, 29 U.S.C.A. § 160(e), Congress gave to the Board, not the courts, power to draw inferences from the facts and to appraise conflicting and circumstantial evidence, hence it is not for us to weigh conflicting testimony, nor pass upon the credibility of witnesses; nor may we reject inferences drawn by the Board from proved facts merely because different inferences might seem more reasonable, National Labor Relations Board v. Waterman Steamship Corp., 309 U.S. 206, 60 S.Ct. 493, 84 L.Ed. 704; National Labor Relations Board v. Automotive Mainte-

nance Machinery Co., 315 U.S. 282, 62 S.Ct. 608, 86 L.Ed. 848; National Labor Relations Board v. Nevada Consolidated Copper Corp., 316 U.S. 105, 62 S.Ct. 960, 86 L.Ed. 1305, and it still remains for the Board to consider all the evidence and accord to each piece of evidence its proper weight, and from the whole evidence to determine the issue before it. International Association of Machinists, Tool and Die Makers Lodge No. 35 v. National Labor Relations Board, 311 U.S. 72, 61 S.Ct. 83, 85 L.Ed. 50.

■ We see no need to recite or review here the evidence in extenso. It will suffice for us to say that we have made an independent examination and study of the record. True, the testimony on which the Board's findings were based was conflicting, but upon the evidence as a whole and the inferences reasonably to be drawn therefrom, we cannot hold that there was no substantial evidence to support the finding that Pletka was discharged, not for a violation of a rule of petitioner, but because of his union activities.

The petition to set aside the order will be denied and a decree for the enforcement of the order will be entered.