**LANGOMA LUMBER CORP.,**
Appellant,

v.

**UNITED STATES of America.**

No. 11782.

United States Court of Appeals
Third Circuit.

Argued March 5, 1956.
Decided March 21, 1956.
Rehearing Denied April 17, 1956.

Edwin J. McDermott, Philadelphia, Pa., for appellant.

G. Clinton Fogwell, Jr., Asst. U. S. Atty., Philadelphia, Pa. (W. Wilson White, U. S. Atty., Arthur R. Littleton, Asst. U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

This case presents a dispute between the United States and the Langoma Lumber Corp., parties to a contract by which United States agreed to buy certain lumber from Langoma. The seller sued in the District Court for the Eastern District of Pennsylvania seeking to recover about $1500 for deliveries made under the contract. The defendant counterclaimed and asked for damages based on the difference between the contract price and what the buyer paid another seller to secure the merchandise bargained for after the contract between Langoma and the United States was terminated. The district court denied recovery to the plaintiff, Langoma, and entered judgment on the counterclaim for the United States. Langoma Lumber Corp. v. United States, D.C.E.D.Pa.1955, 140 F. Supp. 460.

The contract between the parties provided for inspection of the lumber tendered in performance thereof by an independent inspector with the National Hardwood Lumber Association who was to grade and tally the lumber in accordance with the rules of the lumber association. These rules provided that if either party became dissatisfied with the first inspection he could request a reinspection within ten days. The inspector came to the plaintiff's plant when part of the lumber was ready for delivery. As he began his inspection he rejected a large part of the lumber which was tendered. The plaintiff, either through its president and chief shareholder or through its foreman and approved by the president, stopped the inspection and dismissed the inspector before his work was completed. No reinspection, as provided for in the terms of the contract, was ever asked. There was colloquy with officers of the government notably with the government contract administrator and two other inspectors. They found the lumber not up to specifications although as we

view the case this is not determinative of either the plaintiff's rights or the defendant's obligations.

The plaintiff did, however, appeal to the Armed Services Board of Contract Appeals after the defendant had notified the seller of its desire to terminate the contract. This board upheld the contracting officer in a detailed opinion. So, as already said, did the district court. We do not find any error in the result reached. Nor do we find in the case any necessity of trying to enunciate precisely whether "substantial evidence" used as a canon in the review of administrative proceedings has the same meaning in all types of review. We think the correctness of the result reached is established by the testimony of Mr. Mandel, president and chief officer of the plaintiff corporation. It shows that the corporation did not follow the terms of the contract. Both the administrative tribunal and the district court were correct in holding that there could be recovery by the defendant but not by the plaintiff.

The judgment of the district court will be affirmed.