WELLS AND WELLS, INC., a Corporation, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16127.

United States Court of Appeals Eighth Circuit.

Aug. 3, 1959.

Gillette F. Wright, St. Louis, Mo., for appellant.

W. Francis Murrell, Asst. U. S. Atty., St. Louis, Mo., and Hershel Shanks, Atty., Dept. of Justice, Washington, D. C. (Harry Richards, U. S. Atty., St. Louis, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and JOHNSEN and VOGEL, Circuit Judges.

GARDNER, Chief Judge.

Appellant, a general contractor, entered into a contract in writing with the United States Veterans Administration for the conversion of a laundry building into a warehouse at Jefferson Barracks, Missouri. The plans and specifications for the work were provided by the Government. During the process of the work it developed that there were certain errors in the plans requiring additional work. It presented claims to the administrative agencies for additional compensation and certain of these claims were adjusted while others were rejected. The time limit specified in the contract for the completion of the work was, because of the additional work required, extended for four days, but the work was not completed within the extended time and liquidated damages were assessed against appellant. In this action appellant sought to recover for additional work for which it claimed it had not been compensated and for a recovery of liquidated damages assessed against it.

In its answer the Government pleaded certain provisions of the contract which made the decision of the agency with respect to these factual disputes final and conclusive. The Statute involved provides as follows:

"§ 321. Limitation on pleading contract-provisions relating to finality; standards of review.

"No provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judi-

cial review of any such decision to cases where fraud by such official or his said representative or board is alleged: *Provided, however,* That any such decision shall be final and conclusive unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence."

"§ 322. Contract-provisions making decisions final on questions of law.

"No Government contract shall contain a provision making final on a question of law the decision of any administrative official, representative or board."

41 U.S.C.A. §§ 321–322. The contract in effect embodied the foregoing provisions of the Statute. Appellee moved for summary judgment and in support of its motion submitted the entire record of the proceedings had and taken before the administrative agencies vested with authority to determine the controversy here involved. Appellant offered no evidence in opposition.

It was contended in the trial court, and the contention is renewed here, that the decision of the administrative boards was not supported by substantial evidence.

It appears from the record that pursuant to the provisions of the contract appellant presented its claims to the various administrative agencies before each of whom it was heard, supported by briefs as to both law and facts. It was given an opportunity without restriction to present evidence and in fact there was before the board various drawings, plans and specifications, photographs, bills and receipts covering labor and materials, the opinion of an independent engineering company, time sheets, payrolls, daily journal of the resident engineer, various calculations and a vast amount of material bearing on the question of the amount of extra work and material involved in the change of plans, much of which was offered by appellant. The matter was elaborately briefed by counsel for appel-

lant, with no suggestion that it desired to present additional evidence or that the evidence was not substantial. As an example of the consideration given to appellant's claims it is noted that quite a substantial claim was made for the removal of certain material referred to as concrete rubble. In considering this claim, the Construction Contract Appeals Board said, in part:

"The record is conclusive that Appellant did not expend any payroll removing concrete rubble from the fill area until November 15, 1954. The Board is accordingly at a loss to explain Appellant's inclusion of $699.12 of labor for removing rubble between the period of September 17, 1954 and November 10, 1954, or for that matter the item of $66.50 following the completion of placement of the compacted fill covering 'the cost of labor for hauling away a large pile of concrete and sand.'

"The Board concluded in the basic report that in the establishment of the unit price of $11.43 per cu. yd. for the compacted fill in place, Appellant had been fairly treated and that equitable adjustment of the contract price had been made. The data submitted in the several rebuttals by Appellant is impressive only in that it appears to indicate an attempt by Appellant to recoup losses suffered by him in the execution of the contract for which no equitable basis exists.

"Item 2 offered by Appellant concerns extra payment for the removal of debris consisting of a large pile of concrete and sand. The Board is unable to perceive how the plan error could have contributed in any degree to the accumulation of concrete rubble at the job site. The quantity of materials to be removed was the same whether the crawl spece grade was at 502.53′ or at some lower elevation."

A perusal of the record of the proceedings had before the administrative agencies discloses that appellant present-

ed its claims and had hearings before the Contracting Officer. From an adverse decision it appealed to the Construction Contract Appeals Board. From an adverse decision of this Board it was granted a rehearing. Appellant claimed $5,701.44 for the extra work and the Board by its decision allowed $1,572.24. From this decision appellant appealed to the Assistant Administrator for Construction, where appellant was again given a full hearing, but the decision of the Construction Contract Appeals Board was affirmed, and appellant was given four days additional time.

■ The decision of these questions submitted under authority of statute to the decision of these administrative agencies carries with it a presumption of legality. The rule is succinctly stated in 42 American Jurisprudence at page 680 as follows:

"The general rule that in the absence of evidence to the contrary, public officers will be presumed to have properly performed their duties and not to have acted illegally, but regularly and in a lawful manner, is usually applied when regulations, decisions, or orders of administrative officers are challenged in court, and the burden of proving otherwise is upon the party complaining."

■ A perusal of the record convinces us, as it did the trial court, that the decision of the administrative agencies is supported by substantial evidence and it is not claimed that it was "* * * capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith * * *".

It is, however, argued by appellant that it was not liable for liquidated damages for delay in completing the contract because the delay had been caused by an error in the plans prepared by the Government. Conceding, without deciding, that this question may now be urged by appellant, notwithstanding the conclusive character of the decision of the administrative boards, we think the contention without merit. It is conceded that the error in the plans caused some additional work and required some additional time. This was recognized by the administrative officers, appellant was allowed additional compensation, and the time for completing the work was extended. The liquidated damages were assessed for not having completed the work within the time as extended. After the adjustment of the plans no fault of the Government prevented appellant from completing the work within the time provided. There is no evidence in the record to overcome the presumption that the additional time, as allowed, was reasonable, and the assessment of stipulated damages cannot be said to have been " * * * capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or * * * not supported by substantial evidence."

■ Appellant in its reply brief for the first time argues that it was entitled to a trial of the issues "de novo" before the trial court. There is nothing in the record to indicate that it presented this question to the trial court or that it offered to retry the issues in the trial court. Not having so done, it is not in position to urge in this court that the trial court erred in not trying the case "de novo". Quite aside from this, we think the court properly considered the case on the record as made before the administrative agencies. It is true that the trial court was not an appellate court, but in determining the issues tried before the administrative agencies it was confined to the record made before the agencies and that was the procedure followed in this case. This procedure has been followed by many other District Courts. Frier v. United States, Civ.No. 58 C 9 (3), E.D.Mo., May 15, 1959; Mann Chemical Laboratories, Inc. v. United States, D.C., 174 F.Supp. 563; Langoma Lumber Corp. v. United States, D.C.E.D. Pa., 140 F.Supp. 460, affirmed 3 Cir., 232 F.2d 886; L. W. Foster Sportswear Co. v. United States, D.C.E.D.Pa., 145 F. Supp. 148. In principle, the same rule is applicable in appellate courts. N. L. R. B. v. Minnesota Mining & Mfg. Co.,

8 Cir., 179 F.2d 323; Consolidated Edison Co. of New York v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456; O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483; Victor Mfg. & Gasket Co. v. N. L. R. B., 7 Cir., 174 F.2d 867.

We have considered all other contentions urged by appellant but think them entirely without merit. The judgment appealed from is therefore affirmed.