UNION PAINTING CO., Inc., a corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Earl K. WILLIAMS, d/b/a Williams Paint Company, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. Nos. A–10621, A–10622.

United States District Court
D. Alaska,
at Anchorage.

June 13, 1961.

Arthur D. Talbot, Anchorage, Alaska, for plaintiffs.

Warren C. Colver, U. S. Atty., and James R. Clouse, Jr., Asst. U. S. Atty., Anchorage, Alaska, for defendant.

HODGE, Chief Judge.

Plaintiffs bring these actions under the provisions of the Tucker Act (Sec. 1346(a) (2), Title 28 U.S.C.A.) for additional compensation claimed due them as contractors under contracts with the United States for painting of barracks at Fort Richardson, Alaska. The dispute arises over a provision of the contracts that "At the option of the contractor, rubber-based paint may be applied as scheduled in above areas." Plaintiff in each case claims that it elected to use rubber-base paint but was thereafter required by the Contracting Officer to use oil-base paint at an increased cost. The defendant, by answer, claims that "It was the actual compact and intent of both plaintiff and defendant that oil-base paint be used in the performance of the contract," although by clerical error or unilateral mistake the option clause was permitted to remain in the specification sheets embodied in the contract; also that there was no "appreciable difference" in the cost to the contractor.

Plaintiffs' claims were submitted to the defendant's Contracting Officer, who held a hearing and denied the claim. Thereafter plaintiffs appealed the Contracting Officer's decision to the Board of Contract Appeals, United States Army, Alaska, which Board, following a hearing thereon, denied the appeal. The findings of the Board were approved by the

Commanding General, United States Army, Alaska. The contract contained a clause to the effect that the decision of the Commanding General, U. S. Army, Alaska, or his designated deputy, as to all disputes relating to the performance of such contract, "shall be final and conclusive" upon both parties "unless determined by a court of competent jurisdiction to have been fraudulent, arbitrary, capricious, or so grossly erroneous as necessarily to imply bad faith." At a pre-trial conference during which there was submitted a transcript of the hearing before the Contracting Officer and of the hearing before the Board of Contract Appeals, plaintiffs moved for a trial de novo upon the issues presented, which was submitted to the Court for decision, following oral argument.

The sole question to be determined is as to whether or not plaintiffs are entitled to a trial de novo or to submit additional testimony in support of their claims, or whether the Court is limited to a review of the hearing before the Contracting Officer and Board. The controlling statute is Section 321, Title 41 U.S.C.A.[1] which provides that:

"No provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his said representative or board is alleged: *Provided, however,* That any such

decision shall be final and conclusive unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence."

Plaintiffs rely principally in support of their motions upon decisions of the U. S. Court of Claims, allowing in some cases a trial de novo and in other cases additional testimony upon such review, holding, in effect, that the court was not limited to the record before the Board in passing upon the merits of the contractor's claims.[2]

Regardless of what may be the established procedure in such court, the question is now fully determined in this jurisdiction as to the District Courts. In the case of Lowell O. West Lumber Sales v. United States, 1959, 270 F.2d 12, 19, the 9th Circuit Court of Appeals held that when the department or agency head has made a decision as to a question of fact the Board's factual determination is binding on the court unless it can find that the determination of the Board is subject to "at least one" of the defects mentioned in the statute, that is, unless the same is "fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence." The court reversed the decision of the trial court, D.C., 160 F.Supp. 429, holding that the decision of the Board is final only as to questions of fact arising under the contract and that in this case the issue as to the characterization of the "basic agreement" involved was a question of law and not binding upon the court, and remanded the case to the District Court to determine whether there was some basis within the meaning

1. Known as the "Wunderlich Act" as it was enacted following the decision of the U. S. Supreme Court holding that the decision of such an administrative body is final and conclusive except upon proof of fraud. United States v. Wunderlich, 1951, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113.

2. Volentine & Littleton v. United States, 145 F.Supp. 952, 136 Ct.Cl. 638; Fehl-

haber Corporation v. United States, 151 F.Supp. 817, 138 Ct.Cl. 571; J. W. Bateson Company v. United States, Ct.Cl., 163 F.Supp. 871; Anderson v. United States, Ct.Cl., 174 F.Supp. 945; P.L.S. Coat & Suit Corp. v. United States, Ct. Cl., 180 F.Supp. 400; Klein v. United States, Ct.Cl., 285 F.2d 778; Whitlock Corporation v. United States, Ct.Cl., 159 F.Supp. 602.

of Section 321 of Title 41 to prevent the Board's findings from being binding on the District Court on the issues of fact, but adding that:

"This determination should be based on any further evidence the parties may wish to introduce on this issue."

This decision is followed by the District Court for the District of Oregon in United States Nat. Bank of Portland v. United States, 178 F.Supp. 910 and McKinnon v. United States, 178 F.Supp. 913, holding specifically that the plaintiff is not entitled to a trial de novo in the District Court.[3] To the same effect are decisions of other District Courts. United States v. Hamden Cooperative Creamery Co., D.C.N.Y.1960, 185 F.Supp. 541; Mann Chemical Laboratories, Inc. v. United States, D.C.Mass., 174 F.Supp. 563;[4] Wells & Wells, Inc. v. United States, 8 Cir., 269 F.2d 412.

The issue presented here is largely a question of fact. The plaintiffs' motions for a trial de novo will therefore be denied and the Court will determine the issues upon a review of the transcripts introduced in evidence, subject only to the right of either party to introduce additional evidence upon the issue of whether the findings of the Contracting Officer or Board of Contract Appeals were fraudulent, capricious, or arbitrary or so grossly erroneous as necessarily to imply bad faith "or not supported by substantial evidence." It is not clear as to what additional evidence could be presented upon the last quoted issue and plaintiffs have not indicated what evidence they wish to present, but it appears certain that any such evidence must be limited to any proof that the findings of the Board were not based on the evidence presented.

3. The McKinnon case was reversed by the Circuit Court of Appeals upon their finding that the issue was one of fact rather than law, and hence in conflict with the Lowell O. West Lumber Sales case. United States v. McKinnon, 9 Cir., 298 F. 2d 908.

4. Plaintiffs erroneously contend that in the final decision on this case reported in D.C., 182 F.Supp. 40, 41 the court indicated that "the plaintiff was allowed to testify at length on the facts" but this reference by the court was to the hearing before the Board. This opinion expressly states that the matter was "tried on the record and not 'de novo'."