UNION PAINTING CO., Inc., a corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

Earl K. WILLIAMS, d/b/a Williams Paint Company, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. Nos. A-10621, A-10622.

United States District Court
D. Alaska,
at Anchorage.

Oct. 23, 1961.

Arthur D. Talbot, Anchorage, Alaska, for plaintiffs.

Warren C. Colver, U. S. Atty., and James R. Clouse, Jr., Asst. U. S. Atty., Anchorage, Alaska, for defendant.

HODGE, District Judge.

The above causes were previously submitted to the Court upon the issue of whether or not plaintiffs were entitled to a trial de novo upon their claims for additional compensation as contractors under contracts for painting barracks at Fort Richardson, Alaska, where the claims had previously been submitted to and denied by the Contracting Officer and thereafter by the Board of Contract Appeals of the United States Army, Fort Richardson. An opinion was rendered herein (194 F.Supp. 803) denying such trial de novo and holding that the Court would determine the issues upon a review of the transcripts of the previous hearings introduced in evidence, subject only to the right of either party to introduce additional evidence upon the issue of whether the findings of the Contracting Officer or Board were fraudulent, capricious, arbitrary, or so grossly erroneous as necessarily to imply bad faith, or were not supported by substantial evidence, upon authority of 41 U.S.C.A. § 321, and

Lowell O. West Lumber Sales v. United States, 9 Cir., 270 F.2d 12. No additional evidence has been produced or suggested.

I have carefully examined the transcripts of both hearings and find that the findings of fact of both the Contracting Officer and the Board are neither fraudulent, capricious, arbitrary, grossly erroneous or unsupported by substantial evidence.

At the hearing before the Contracting Officer considerable evidence was introduced, following which the Officer reserved decision and later filed his findings and decision adverse to plaintiffs. At a subsequent hearing before the Board of Contract Appeals plaintiffs elected to proceed on the record of the hearing before the Contracting Officer, except to call one witness, the president of the Union Painting Company, in rebuttal to testimony offered by the Government. The Board found, in substance, that at a preaward conference held in the Contracting Officer's quarters at Fort Richardson on June 29, 1953, for the purpose of discussing interior painting contracts for seventeen 200- and 500-man barracks, the Contracting Officer announced that in view of information received from the Department of the Army oil base paint and not rubber base paint would be used in painting all of the buildings; that after this announcement plaintiffs, who had read a set of specifications and had observed an option therein to use oil or rubber base paint, objected to the exclusion of rubber base paint; that the Contracting Officer, however, repeated that rubber base paint would not be used; that thereafter offers were made on a negotiated basis for separate items or barracks; that the Williams Paint Company was awarded certain portions of the work and the Union Painting Company certain portions; that they then submitted bids on the basis awarded and that thereafter contracts were signed by plaintiffs in which, by inadvertence, the option included in the specifications previously prepared had not been stricken; that pursuant to such option plaintiffs notified the Contracting Officer that they intended to use rubber base paint and were informed that they would be required to use oil base paint; and that plaintiffs complied, but submitted claims for additional compensation which are the basis of these suits.

These findings are fully supported by the evidence. In fact it is noted that representatives of both plaintiffs were fully aware of and understood the condition that rubber base paint would not be used, prior to bidding thereon and some time prior to the actual signing of the contracts, but elected to rely, instead, upon the optional provision left in the specifications.[1] It also appears that four other contractors present at the conference who were awarded parts of the work likewise fully understood the condition and complied with it. These findings are therefore conclusive on this Court and are sustained.

This opinion may not, however, be construed as endorsing the method used by the Contracting Officer in conducting the hearing before him. It appears that he was the same officer who gave out the orders in the first instance and his position throughout the hearing was obviously adverse and hostile to the claimants, causing heated controversy. However, I find nothing arbitrary or capricious in his final decision, and further find that the practice of permitting a review before the same Contracting Officer of his decisions has now been corrected. I also find

---

1. The original specifications were prepared in the office of the Building Construction Section of the Army Engineers and forwarded to the Chief of Engineers at Washington for approval, with copy to the Post Engineer. The latter office apparently added the disputed optional clause. The Chief of Engineers at Washington rejected such and so informed the Contracting Officer, who announced this fact at the preaward conference, but somehow, between the two offices, the optional clause was not deleted from the specifications. The clause relied upon by plaintiffs reads as follows: "At the option of the contractor rubber base paint may be applied as scheduled in above areas."

that the hearing before the Board was fairly and impartially conducted.

■ No additional authorities on the issues of law raised have been submitted, although fully argued before the Board and submitted on briefs. The decision is based in part upon the principle of reformation of the instrument and finally upon the intention of the parties. Plaintiffs rely principally upon the parol evidence rule and also claim that there was no mutual mistake to justify the court in reforming the contract and specifications. I find that the Board was correct in holding that such mutuality is not necessary where the plaintiffs were aware of the mistake at the time of submitting their bid and signing the contract, as knowledge by one party of the other's mistake regarding an expression of the contract is equivalent to mutual mistake. 5 Williston on Contracts, 1937 Ed., Sec. 1548, p. 4340.

The Board also based its decision upon a previous decision referred to as the "Wikstrom case. 2 Contract Cases, Federal 638," upon which decision the plaintiff's counsel stated at the hearing before the Board he was willing to rely. This decision, quoted in the opinion, clearly supports the conclusions of the Board. Likewise the Board cites Olson Const. Co. v. United States, 1948, 75 F.Supp. 1014, 1017, 110 Ct.Cl. 249, in support of its decision, which involves an analogous situation, in which the court held:

"When the letter of the contract, as signed, contained alternatives which, useful and rational in the negotiation stage when bids were being solicited, became obsolete and irrational as terms of a definite agreement, we think that the failure to strike out the alternatives did not indicate at all that they were intended to remain a part of the contract. It was an inadvertence such as honest laymen who expect to do what they agree to do are, probably, often guilty of. But one guilty of such a natural inadvertence does not lay himself open to being required, merely because of the letter of the writing, to perform what he has not promised."

There further appearing no error in the conclusions of law of the Board, both cases are ordered dismissed with prejudice. Appropriate orders may be presented accordingly.

