## LEHIGH VALLEY COAL CO. v. DORRANCE et al.

### No. 6101.

Circuit Court of Appeals, Third Circuit.

Feb. 11, 1937.

Reese Harris, of Scranton, Pa., and P. F. O'Neill, of Wilkes-Barre, Pa., for appellant.

Wm. J. Fitzgerald and Ralph W. Rymer, both of Scranton, Pa., for appellees.

Before BUFFINGTON and THOMPSON, Circuit Judges, and WELSH, District Judge.

BUFFINGTON, Circuit Judge.

In this case the receivers of the Temple Coal Company (hereafter called Temple), brought suit against the Lehigh Valley Coal Company (hereafter styled Lehigh), to recover royalties claimed to be due under a lease known as the Babylon lease, in which Temple was lessor and Lehigh lessee. By stipulation, the case was tried without a jury, and as Lehigh admitted by its affidavit of defense that it owed Temple $2,516.07 for coal actually mined, the judge found a verdict in favor of Temple for that amount.

The trial judge, however, denied an alleged counterclaim of $110,424.54 for taxes and minimum royalties alleged by Lehigh to be owing by Temple on another lease in which Lehigh was lessor and Temple lessee, known as the Harry E. and Forty-Fort lease.

At the trial Temple admitted having theretofore owed Lehigh this sum for taxes and royalty, but claimed they were no longer due and usable as an offset by reason of the fact that Lehigh had forfeited the Forty-Fort lease and on doing so had taken for its—Lehigh's—own use property valued at $1,054,475.61 in excess of Lehigh's counterclaim and that, instead of being damaged, Lehigh had been to that extent enriched by the forfeiture, and that

Lehigh's set-off or counterclaim of $110,-424.54, be disallowed as against Temple's admitted claim of $2,516.07.

After hearing, the trial judge sustained Temple's contention and entered a judgment in its favor for said latter sum. Thereupon Lehigh took this appeal, and the question involved is the refusal of the court to allow Lehigh its alleged set-off on the Forty-Fort lease and its holding that this claim of Lehigh's was itself offset by Lehigh's at the time of the forfeiture and taking personal property of Temple's on the premises and fixtures and improvements at that time, of the value of $825,-792.84, the value of the personal property alone being $151,921.58.

After considering the provisions of the lease, the court below, in its opinion, said:

"The remaining question is whether the defendant had the right to seize and retain possession of the personal property upon the premises at the time of forfeiture, the value of which was $151,921.58, and, at the same time, enforce its claim for rent and taxes due and unpaid at the time of forfeiture which amounted to $110,424.54.

"Prior to the forfeiture, the personal property belonged to the plaintiffs subject to the landlord's claim for rent. The lease gave to the lessor the right to seize and take possession of the personal property found upon the premises at the time of the forfeiture, and this the lessor elected to do. The lease provided that, on the determination of the lease or retaking of or recovering possession of the premises, the lessor should not be deprived of any action or remedy against the lessee for any damages for breach of any covenant or for any rent or sums of money due and unpaid. The personal property was no part of the premises. 'Premises' does not include, and is never used to designate, personal property. It is used both in law and in common speech to indicate land and tenements. The lease contained no provision that, on seizing the personal property, the lessor should also have the right to collect rents or sums of money due at the time of the seizure. In this case, the value of the personal property seized was far in excess of the amount of the rent and taxes due and unpaid at the time of the seizure. The defendant seized and retained the personal property, and, thereafter, there was nothing due from the plaintiffs to the defendant."

In pursuance thereof, the court held: "An interpretation of the Harry E. and Forty-Fort Colliery lease, which would permit the defendant to recover from the plaintiffs any amount of the unpaid rent and taxes, and, at the same time, retain for its own use the personal property seized, would be unfair, inequitable, and in my opinion, not the intention of the parties."

After consideration of the proofs and all questions raised, and finding ourselves in accord with the court below, we limit ourselves to affirming its verdict and entering its judgment thereon, which judgment is affirmed.