### UNITED STATES v. KELLY.

### UNITED STATES v. KELLY MACHINERY & EQUIPMENT CO., Inc.

### Nos. 8551, 8557.

United States District Court
E. D. Missouri, E. D.

June 1, 1953.

George L. Robertson, U. S. Atty., and James C. Jones, III, Sp. Asst. to U. S. Atty. of St. Louis, Mo., for plaintiff.

Alvin A. Wolff, of St. Louis, Mo., for defendants.

HULEN, District Judge.

Plaintiff sued defendants in these two cases, consolidated for trial, for a balance due on a number of purchases of war surplus materials. Defendants filed a counterclaim, the same in each case, seeking recovery on some thirteen like transactions. There have been a number of hearings in these cases. By stipulation the issues now have been reduced to two: the terms of sale of the merchandise for which plaintiff seeks recovery of the purchase price in case 8557, and a credit claimed on a sale to plaintiff E. J. Kelly's brother.

Defendants claim a breach of warranty in defense of case 8557. Plaintiff denies there was a warranty. We hold with plaintiff on this issue. Defendants have shown no title to the claim resulting from sale to E. J. Kelly's brother.

E. J. Kelly made the purchases involved in the warranty issue. The sales document, plaintiff's Exhibit 2, shows it to be a "Competitive Bid Lot No. 26" for $1,886.87. The sales document has affixed by rubber stamp the terms of sale, with the signature of "Kelly Machinery and Equip. Co., 1–9–48, E. J. Kelly, Pres." affixed. E. J. Kelly admitted the signature to be genuine. The terms of sale over the signature read as follows:

"Property is sold subject to Standard Terms and Conditions of sale shown on reverse side of copy No. 1 and the following special conditions which amend or supersede the standard conditions on points which may be in conflict: (1) Sale is on 'as is, where is' basis, (2) No warranty or guaranty given as to conditions or quantities, (3) purchaser will remove property within ten (10) days."

On the original "sales document" offered by the Government we do not find the code "N 3", which defendants rely on as constituting a warranty that the goods were new and in good condition. It does appear stamped on the "Copy" of "Sales Document" offered by defendants (Ex. R)..

832

This copy also has the rubber stamp applied, stating specific terms of bid "as is" and no "warranties," and is also signed.

There is nothing in the record that this code (N 3) was for use and benefit of purchasers, or intended as a representation to them. Without some explanation, the inference is that, being in code, it is for use of plaintiff and not purchasers.

Regardless of whether the code (N 3) was intended for the buyers or not, in this case the defendant signed an acknowledgment of notice that on *this* sale, any other conditions of sale in conflict were amended, so that the sale terms would be on an "as is, where is" basis, and that "no warranty or guaranty" was given "as to conditions or quantities." Defendants could not have been misled by these terms. The English language could make it no plainer. The significance of the precise terms is heightened by defendant Kelly's signature. The requirement for signature of the buyer obviously was to avoid any claim of warranty or failure to understand terms of sale by the buyer. This represents a contract duly signed by the buyer. Defendants' position is plainly an effort to nullify the contract. This Court cannot rewrite the terms of sale which defendants agreed to.

It was said in American Elastics, Inc., v. United States, 2 Cir., 187 F.2d 109, 112, in deciding a case based on sale of surplus war commodities on an "as is" basis, where the purchasers sued for breach of warranty:

"In disposing of war surplus the Government is not engaged in normal trade and frequently is ignorant of the condition of the goods it sells. Buyers have no right to expect, have notice not to expect, and contract not to expect any warranties whatsoever. Plaintiff had such notice from his dealings and so expressly contracted in this transaction."

The buyer lost in the American Elastics case. The buyer's case here is weaker than in that case. In the American Elastics case samples were submitted. Here the buyer was at the location of the goods with the privilege of inspection. Some inspection was made by the buyer but not a complete one. Failure to make a complete inspection was not due to any act of plaintiff.

Defendants also cite Beer v. United States, 100 F.Supp. 808, 120 Ct.Cl. 690. It has no application here. In the Beer case the Government published an ad representing the condition of generators as "good". The Court held that this was equal to a warranty ·that the generators would at least operate, and such a failure was a breach of that warranty. It was not an "as is" sale.

Even if we were to adopt defendants' interpretation of "N 3" (it is not in the "condition code" column on the sales document), their claim must fail. The evidence as to meaning of N 3 was by Mr. Kelly. He said it meant "new" goods. He testified "from their appearance, I would say the goods is new."

Defendants have failed to sustain their claim of breach of warranty.

Defendants have shown no title interest in the transaction with the brother of E. J. Kelly. Therefore any obligation of plaintiff to the brother cannot be adjudicated in these cases. The brother is a stranger here.

Findings, conclusions and decree as heretofore indicated.