**LANGOMA LUMBER CORPORATION**
v.
**UNITED STATES of America.**
**Civ. A. No. 14881.**

United States District Court
E. D. Pennsylvania.
May 24, 1955.

Edwin J. McDermott, Philadelphia, Pa., for plaintiff.

W. Wilson White, U. S. Atty., G. Clinton Fogwell, Jr., Asst. U. S. Atty., Philadelphia, Pa., for defendant.

LORD, District Judge.

The plaintiff has brought this action to recover for the value of a shipment of lumber delivered to the United States Army, pursuant to the terms of a written contract.

The case involves a contract in which the plaintiff agreed to sell to the Army a specified grade of lumber to be delivered at a certain date. The lumber did not pass an independent inspection required in the contract, and most of it was not delivered. Pursuant to the terms of the contract, the Contracting Officer for the Army terminated the contract, and bought the lumber elsewhere, paying $7,506.66 more for the replacement lumber than the amount of the contract with the plaintiff.

The contract authorized the Army to terminate the contract after default and to charge the defaulting party with any excess cost required to purchase replacement lumber.

Plaintiff appealed the decision of the Contracting Officer, awarding excess costs of lumber in the amount of $6,008.17, to the Army Contract Appeals Panel. This appeal was denied after a full hearing. The plaintiff then filed this action in the District Court.

The United States counterclaims for the amount it cost the Army to buy replacement lumber ($20,869.17), above the amount specified in the original contract ($13,362.51), less the amount owed to plaintiff for lumber supplied by it to the Army ($1,498.49 less 2% discount or $1,468.52). The difference is $6,038.14. The Army Contract Appeals Panel found excess costs of $6,008.17, disallowing the aforementioned 2% discount.

After trial, arguments, and review of the briefs, the Court makes the following

## Findings of Fact

1. The facts as found in the opinion of the Armed Services Board of Contract Appeals, dated September 12, 1952, are herewith adopted.

2. There is substantial evidence in the record, developed before the Board of Contract Appeals, to sustain the Government's counterclaim in an amount of $6,008.17.

3. There is substantial evidence in the record, developed before the Board of Contract Appeals, to deny the plaintiff's claim.

4. In accepting the lowest bid for the replacement lumber, the Government was reasonable and acted in good faith.

5. The liquidated damages clause (par. 11(c)) in the basic contract provides:

"In the event the Government terminates this contract in whole or in part as provided in paragraph (a) of this clause, the Government may procure, upon such terms and in such manner as the Contracting Officer may deem appropriate, supplies or services similar to those so terminated, and the Contractor shall be liable to the Government for any excess costs for such similar supplies or services, *Provided,* That the Contractor shall continue the performance of this contract to the extent not terminated under the provisions of this clause."

## Discussion

The main contentions raised by plaintiff in this action are:

1. The decision of the Armed Services Board of Contract Appeals is not supported by substantial evidence.

2. The defendant failed to mitigate its damages.

■ Plaintiff's first contention is governed by Statute. Concerning the finality of a reviewing Board's decision on a contract entered into by the United States, Section 321 of Title 41 U.S.C.A. states:

"No provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his said representative or board is alleged: *Provided, however,* That any such decision shall be final and conclusive unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence. * * *"

Plaintiff argues that the decision of the Armed Services Board of Contract Appeals was not supported by substantial evidence. To solve this problem, a definition of "substantial evidence" is required. In Consolidated Edison Co. of New York v. National Labor Relations Board, 1938, 305 U.S. 197, at page 230, 59 S.Ct. 206, at page 217, 83 L.Ed. 126, the Supreme Court, speaking through Mr. Chief Justice Hughes stated:

" * * * Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Appalachian Electric Power Co. v. National Labor Relations Board, 4 Cir., 93 F.2d 985, 989; National Labor Relations Board v. Thompson Products, 6 Cir., 97 F.2d 13, 15; Ballston-Stillwater Knitting Co. v. National Labor Relations Board, 2 Cir., 98 F.2d 758, 760. * * *"

■ Applying this test, this Court, after careful consideration of the evidence before the Board and after a careful reading of the Board's opinion, feels that its decision was supported by substantial evidence. Granting that there was a great deal of contradictory testimony, still this Court believes there is ample evidence to support the Board's findings in all material particulars.

As to plaintiff's second contention, the Court finds its solution only after careful study of a more complicated legal problem.

■ The test of mitigation of damages has been stated to be as follows:

"Whether or not the buyer's obligation to mitigate damages has been discharged depends on the reasonableness of its conduct. In this connection, reasonable conduct is to be determined from all the facts and circumstances of each case, and must be judged in the light of one viewing the situation at the time the problem was presented." In re Kellett Aircraft Corp., 3 Cir., 1950, 186 F.2d 197, 198.

■ In applying this test to the facts, one must keep in mind the liquidated damages clause in the contract. See Finding of Fact No. 5. The United States Supreme Court in the case of Priebe & Sons v. United States, 1947, 332 U.S. 407, 68 S.Ct. 123, 92 L.Ed. 32, stated the general practice of the Federal Courts in viewing liquidated damages clauses in Government contracts. As stated by Mr. Justice Douglas, 332 U.S. at page 411, 68 S.Ct. at page 126:

"Today the law does not look with disfavor upon 'liquidated damages' provisions in contracts. When they are fair and reasonable attempts to fix just compensation for anticipated loss caused by breach of contract, they are enforced. [Citing cases.]"

■ Recognizing the principle that a liquidated damages clause which is out

of proportion to the actual loss sustained is void as a penalty; nevertheless, when the clause computes the damages liquidated as the actual loss sustained, it should be enforced. See Dorrance v. Lehigh Valley Coal Co., D.C. M.D.Pa.1936, 13 F.Supp. 73, affirmed 3 Cir., 1937, 88 F.2d 334. This Court would not permit such a clause to prevail, however, if "actual loss sustained" was excessive and clearly the result of unconscionable or arbitrary conduct on the part of the suing party.

■ Looking to the facts of this case, however, it seems clear the Government acted in good faith and in a reasonable manner in purchasing the replacement lumber. At *least* 75 bids were sent out to various lumber companies. The Government accepted the lowest bid received. Plaintiff contends that the only bids received were from retail lumber dealers rather than from producers (such as plaintiff is). He produced evidence to show that retail lumber dealers charge 40–50% more for lumber than do producers, and claimed that, consequently, defendant was duty bound to purchase from the latter. There is no evidence to show either way that bids were offered to retail lumber dealers only, or to both retail dealers and producers. The Court believes that the record indicates the Government acted in a reasonable manner and in good faith in purchasing the lumber as it did. Consequently, the Court finds that the Government has not failed to mitigate its damages.

The facts as discussed herewith are incorporated in the Court's findings of fact.

### Conclusions of Law

1. The District Court has jurisdiction of plaintiff's claim under 28 U.S C.A. § 1346(a) (2).

2. The District Court has jurisdiction of the Government's counterclaim under 28 U.S.C.A. § 1346(c).

3. Under 41 U.S.C.A. § 321 this Court is bound by the decision of the Armed Services Board of Contract Appeals and said decision is final and conclusive unless the same is fraudulent, capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence.

4. The decision of the Armed Services Board of Contract Appeals is in no way fraudulent, capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, nor is it not supported by substantial evidence.

5. The liquidated damages clause of this contract (Finding of Fact No. 5) as applied in this case is not unreasonable and is not a penalty clause.

6. On plaintiff's claim, the Court finds in favor of the defendant and against the plaintiff.

7. On defendant's counterclaim, the Court finds in favor of the defendant and against the plaintiff and awards the United States the sum of $6,008.17.

An appropriate order will be prepared and submitted.