leaving unsatisfied others whom the legislature has placed ahead of him.

■ It matters not that Reese sold his former homestead and relied upon the promise of officials to make another available to him, or that these officials believed in good faith that it would be fair and proper to provide him with another homestead. Neither the Land Authority nor this court has the right to change or disregard the order of priorities for homestead acquisition which the legislature has seen fit to enact into law.

■■ It has been argued that public interest and public policy will be served by the allocation of a Round Hi homestead to Reese. But this court cannot even consider that question as the law now stands. If it is desirable that the law be more flexible and that some administrative agency have power in exceptional cases to vary the prescribed order of homestead priorities, then the legislature must say so. The presently established scheme of priorities provides for no exceptions and confers no administrative discretion to vary the order of priority.

Counsel have ably briefed and argued the additional question whether the Land Authority or the Commissioner of Property and Procurement is the proper representative of the Municipality in contracting for the sale of homestead land. This question arises because the legislature enacted conflicting statutes within a period of less than one month, with no mention of the earlier statute in the discussion or enactment of the subsequent one. With Section 1 of the Act No. 178 of June 5, 1957, Title 21 V.I.C. § 7a, contrast Section 62 of Act No. 160 of May 16, 1957, Title 21 V.I.C. § 7. It is noteworthy that the May 16th enactment was part of the entire Code adopted at that time, so that the legislature may have acted on June 5th without adverting to the fact that it had so recently covered the same subject in the new Code.

The matter at least deserves mention here since the legislature may well wish the situation brought to its attention for such further consideration and action as will make the legislative will entirely clear. But this question is not essential to the disposition of the present case, because under Section 4 of Title 21 a contract of sale to Reese, a third priority purchaser, while first and second priority applicants remain without homestead is illegal, whether executed by the Land Authority or by the Commissioner of Property and Procurement.

For the foregoing reasons judgment will be entered denying plaintiffs relief.

**MANN CHEMICAL LABORATORIES, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 57–300.

United States District Court
D. Massachusetts.

Dec. 29, 1958.

Gerald Gillerman, Slater & Goldman, Boston, Mass., for plaintiff.

Anthony Julien, U. S. Atty., George H. Lewald, Asst. U. S. Atty., Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This memorandum and order results from a pre-trial conference authorized by Rule 16 of the Federal Rules of Civil Procedure, 28 U.S.C.A., and is addressed to the question of the scope of the trial on the merits. The parties have requested an order determining whether the plaintiff is entitled to a trial de novo or whether the trial must be limited to a review of the administrative record.

The complaint alleges that the plaintiff by a contract dated March 30, 1954, agreed to sell to the government a quantity of water purification tablets. A dispute arose between the parties whether a delay in delivering three lots was excusable within the meaning of the contract (hereinafter referred to as Claim 1) and whether the plaintiff suffered damages as a result of the government's delay in accepting three other shipments (Claim 2).

Pursuant to the disputes clause of the contract the plaintiff filed claims with the contracting officer who issued findings of fact with respect to the first claim, but refused to make findings on the second claim, apparently on the ground that there was no dispute as to the facts. The plaintiff appealed to the Armed Services Board of Contract Appeals which eventually denied the appeals. Claim 2 was then referred to the Army Quartermaster Market Center which denied it after an audit of the plaintiff's books. Thereafter it also was denied by the Comptroller General.

The plaintiff brings this action under Section 1346(a) (2) of Title 28 and alleges that the findings of the contract officer were not supported by substantial evidence. The only issue to be resolved at this stage of these proceedings is whether the plaintiff is entitled to a trial de novo or whether, as the government contends, this hearing is to be confined to a review of the administrative record. The governing statute is 41 U.S.C.A. §§ 321 and 322 which provides as follows:

"§ 321. Limitation on pleading contract-provisions relating to finality; standards of review

"No provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his said representative or board is alleged; *Provided, however,* That any such decision shall be final and conclusive unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence."

"§ 322. Contract-provisions making decisions final on questions of law

"No Government contract shall contain a provision making final on a question of law the decision of any administrative official, representative, or board."

The legislative history indicates that this statute was enacted to overcome the effect of the Supreme Court's decision in the case of United States v. Wunderlich,[1] 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113; 1954 U.S.Code Cong. & Adm.News, Vol. 2, p. 2191. However, neither the House Report nor the statute itself refer directly to the issue presented here, i. e. the nature of the trial in the Court of Claims or District Court. In two cases which did raise this question the Court of Claims held that the plaintiff is entitled to a trial de novo. Volentine & Littleton v. United States, 145 F.Supp. 952, 136 Ct. Cl. 638; Fehlhaber Corporation v. United States, 151 F.Supp. 817, 138 Ct.Cl. 571. The Court in the Volentine case said that the practice prior to Wunderlich had been to permit the introduction of new evidence and that the purpose of the statute was to restore the law to what it had been before Wunderlich. The court further reasoned that the alternative urged by the government would in many cases involve two trials. The first trial would be a consideration of the administrative record; the second would follow if the record was found to be deficient.

The government urges this court to depart from the decisions cited above and distinguishes them on the ground that they were both cases in the Court of Claims which has power only to award damages and cannot remand a case for correction of errors in the record or for further hearings.

■ Without regard to Court of Claims procedure and on the basis of the language of Section 321 and the legislative history, I hold that the plaintiff is not entitled to a trial de novo in this court.

■ The relevant portion of Section 321 provides that the decision of the agency head or his representative shall be final unless it is "not supported by substantial evidence." First, the only logical way to determine whether the board's decision is supported by substantial evidence is to consider the decision in the light of the evidence before the board. Second, the term "supported by substantial evidence" is a term of art which implies review on the record only. See e. g. National Labor Relations Act, 29 U.S.C.A. § 160(f); Victor Mfg. & Gasket Co. v. N. L. R. B., 7 Cir., 174 F. 2d 867; N. L. R. B. v. Minnesota Mining & Mfg. Co., 8 Cir., 179 F.2d 323. Federal Communications Act, 47 U.S.C.A. § 402(g); National Broadcasting Co. v. United States, 319 U.S. 190, 227, 63 S.Ct. 997, 87 L.Ed. 1344; Railroad Retirement Act of 1937, 45 U.S.C.A. § 228k; South v. Railroad Retirement Board, D.C.Ga., 43 F.Supp. 911, affirmed 5 Cir., 131 F.2d 748, certiorari denied 317 U.S. 701, 63 S.Ct. 525, 87 L.Ed. 561; Indian Claims Commission Act, 25 U.S.C.A. § 70s; Osage Nation of Indians v. United States, 97 F.Supp. 381, 119 Ct.Cl. 592, certiorari denied 342 U.S. 896, 72 S.Ct. 230, 96 L. Ed. 672. And lastly, the legislative history leaves little doubt that Congress did not intend to provide for a trial de novo at this stage of the proceedings. It refers to a similar standard of review in the Administrative Procedure Act, 5 U. S.C.A. § 1009, which provides for review on the record; it gives a definition of substantial evidence from Consolidated Edison Company of New York v. N. L. R. B., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126, a case decided by a review on the record; and it makes clear that the stat-

1. The Wunderlich case held that under the standard provision of Government contracts all disputes involving questions of fact shall be decided by the contracting officer with the right of appeal to the head of the Department whose decision shall be final and may not be set aside unless it was founded on fraud. A finding that the decision was arbitrary or grossly erroneous was held not to be sufficient to set it aside.

566

ute is intended to require hearing officers to keep a complete record "of the testimony and evidence upon which they have relied in making their decisions." U.S.Code Cong. & Admin.News, supra, p. 2195.[2]

Pursuant to Rule 16, F.R.C.P., 28 U. S.C.A., I hereby order that at the trial of this case the plaintiff may not introduce new evidence and that it is entitled only to a consideration of the administrative record and a determination whether or not the administrative decision is supported by substantial evidence.

2. I also note that in Langoma Lumber Corp. v. United States, D.C.Pa., 140 F.Supp. 460, affirmed 3 Cir., 232 F.2d 886, the court apparently reached the same conclusion as I have reached here. See also Hadden v. United States, 130 F.

Supp. 610, 131 Ct.Cl. 326, and Wagner Whirler & Derrick Corporation v. United States, 121 F.Supp. 664, 128 Ct.Cl. 382, both of which were Court of Claims cases and both of which seemingly were trials on the record.