**UNITED STATES NATIONAL BANK OF PORTLAND, Executor of the Last Will of C. J. Eldon, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 8796.**

United States District Court
D. Oregon.
Nov. 2, 1959.

Lofton L. Tatum (Wood, Matthiessen, Wood & Tatum), Portland, Or., for plaintiff.

C. E. Luckey, U. S. Atty., and Victor E. Harr, Asst. U. S. Atty., for Oregon, Portland, Or., for defendant.

SOLOMON, Chief Judge.

Plaintiff brought this action under the Tucker Act, 28 U.S.C.A. § 1346(a) (2).

On December 1, 1950, plaintiff entered into contract DA–45–164–eng–805 with the Department of the Army, Corps of Engineers, acting for the United States. The contract was for channel clearing and snagging, and for constructing a revetted levee. This work was to be done on the Touchet River, Washington.

This case is in the nature of an appeal from the Corps of Engineers Claims and Appeals Board. That Board on July 8, 1954, refused plaintiff's claim for: (1) $11,705.85 for additional excavation work; (2) return of $2,900 in liquidated damages. The same amounts are sought here, with a waiver of any amount over $9,999.99.[1]

The plaintiff, C. J. Eldon, died after this case was commenced. His executor, The United States National Bank of Portland, was substituted as plaintiff.

Both parties agree that 41 U.S.C.A. § 321 is applicable. It provides:

*"Limitation on pleading contract-provisions relating to finality; standards of review*

"No provision of any contract entered into by the United States, relating to the finality or conclusiveness of any decision of the head of any department or agency or his duly authorized representative or board in a dispute involving a question arising under such contract, shall be pleaded in any suit now filed or to be filed as limiting judicial review of any such decision to cases where fraud by such official or his representative or board is alleged: *Provided, however,* That any such decision shall be final and conclusive unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence."

Plaintiff asserts, and defendant denies, that plaintiff is entitled to a trial

---

1. By bringing this action under the Tucker Act, plaintiff has waived any right to recover more than this amount. That Act gives District Courts concurrent jurisdiction with the Court of Claims over certain claims, including claims founded on contract, against the United States, but such claims cannot exceed $10,000.

de novo of the issues presented here. Defendant also contends that this court is limited to a review of the record of the administrative appeal board.

On motion of the plaintiff and over the Government's objection, the late Judge Claude McColloch of this court heard additional evidence submitted by plaintiff. Thereafter he took under advisement the admissibility of such evidence. If the evidence was admissible, the Government reserved the right to also produce additional evidence.

■ The question decided by the Claims and Appeals Board was whether the work under the contract was done with reasonable precautions and by exercising sound engineering and construction practices. This is a question of fact. Where the administrative appeals board's decision is one of fact and not of law, the decision is binding upon the District Court unless it comes within the reach of the exclusions of 41 U.S.C.A. § 321. Lowell O. West Lumber Sales, Inc. v. United States, 9 Cir., 1959, 270 F.2d 12.

■ There may be some instances under 41 U.S.C.A. § 321 where a court may be required to take additional testimony. For example, where it is alleged that the administrative appeals board acted fraudulently, the party charging the fraud should not be limited to the record before the board. He should be permitted to introduce evidence to prove such fraud. But this is no such case. Plaintiff does not claim that the Claims and Appeals Board was guilty of fraud or caprice. He merely asserts that the decision is erroneous and is not supported by substantial evidence. I have examined the evidence adduced at the hearing before Judge McColloch. I find it merely repetitious of the evidence before the Board, and contains no evidence or even claims of fraud, caprice, arbitrariness, or gross error.

■ The sole question is whether the Board's decision is supported by substantial evidence. This determination must be made by viewing the administrative appeal record, reading it as a whole, and not by taking further testimony or having a trial de novo. Mann Chemical Laboratories, Inc. v. United States, D.C.D. Mass.1958, 174 F.Supp. 563. Cf. Langoma Lumber Corp. v. United States, D. C.E.D.Pa.1955, 140 F.Supp. 460, affirmed per curiam, 3 Cir., 1956, 232 F.2d 886; Wagner Whirler & Derrick Corp. v. United States, 1954, 121 F.Supp. 664, 128 Ct.Cl. 382.

■ I have examined the record, and I find that there is substantial evidence to support the Claims and Appeals Board finding that plaintiff did not use either reasonable precautions or exercise sound engineering and construction practices as required by his contract.

Eldon was put upon notice by the contract that it was his responsibility to determine local weather conditions and the nature of the materials to be used. He had only sixty days after receiving orders to proceed with the work. This was a short period in which to perform under possible adverse weather and materials conditions. There is substantial evidence that plaintiff was dilatory in commencing certain preliminary phases of the contract. This supports a conclusion that there was a lack of sound engineering and construction practices. It also supports a finding that liquidated damages for not completing the contract in time were properly assessed.

There is also substantial evidence that plaintiff could have used other contracting methods and other equipment in building the levee. Had he done so, the evidence shows that the levee would not have been unprotected and thereby be damaged from a Touchet River flood between February 8 and 20, 1951. It was this damage which necessitated the excavation work for which plaintiff seeks compensation as additional work. This work comprises a material part of the delay for which the liquidated damages were assessed.

There is substantial evidence that plaintiff's method of quarrying the protective, revetment rock for the levee was

not in keeping with sound engineering and construction practices under the circumstances. The quarrying was also shown to be started late.

Plaintiff's action should be dismissed and a judgment in favor of the Government should be entered.

