A. J. McKINNON, doing business as McKinnon Construction Co., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. No. 9433.

United States District Court
D. Oregon.

Dec. 12, 1959.

Dean M. Alexander [Alexander, Buehner & Tilbury], Portland, Or., for plaintiff.

C. E. Luckey, U. S. Atty., and Victor E. Harr, Asst. U. S. Atty., for Oregon, Portland, Or., for defendant.

SOLOMON, Chief Judge.

Plaintiff brought this action against the United States under the Tucker Act, 28 U.S.C.A. § 1346(a) (2), to recover $9,999.99.[1] Plaintiff claims this amount as compensation for extra work done for the Bureau of Reclamation, Department of Interior, under Contract No. 12r–19806.

Plaintiff completed his contract for enlarging and improving the Lost River channel in Oregon. The river channel between stations 375 and 274 required reconstruction to a centerline ten feet to the right or east of the centerline of the old channel.

From station 375 to station 370, plaintiff used two draglines, putting more ma-

[1] By bringing this action under the Tucker Act, plaintiff waived any right to recover more than this amount. That Act gives district courts concurrent jurisdiction with the Court of Claims over certain claims, including claims founded on contract, against the United States, but such claims cannot exceed $10,000.

terial on the east bank than on the west bank for the reason that more material was removed by the east dragline. The west bank was also slightly below 18 feet in height. At this point the resident engineer instructed plaintiff to equalize the banks and make them a minimum of 18 feet high.

Subsequent to these instructions, the Government issued revised Drawing No. 12–D–821 showing the banks equalized at a minimum of 18 feet. The letter accompanying the revised drawing asserted that the drawing did not change the contract specifications. Plaintiff made timely, written protest to this assertion as the basis for claiming additional compensation.

The Government's Contracting Officer denied plaintiff additional compensation for such work, and the Interior Board of Contract Appeals affirmed. Thereafter, plaintiff filed this action.

■ Plaintiff asserts that he is entitled to a trial de novo in this court. The Wunderlich Act (41 U.S.C.A. §§ 321, 322), which is applicable here, sets forth limitations on government contract provisions relating to the finality or conclusiveness of a decision of an administrative agency with reference to such contract, and the act further provides that the decision of such administrative agency

"* * * shall be final and conclusive unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence."

The statute as well as this problem were recently before this court in United States Nat'l Bank of Portland v. United States, D.C.Or.1959, 178 F.Supp. 910. The court decided that where the issue is one of fact, the administrative appeals board's decision is binding upon the district court unless it comes within the reach of the exclusions of the Wunderlich Act. A trial de novo was not permitted in that case on the ground that the question was one of fact and the decision of the administrative tribunal was supported by substantial evidence.

■ The issue here is the interpretation of a contract, more particularly the meaning to be given to a contract drawing. In my view, this is a question of law. Farwell Co. v. United States, Ct. Cl.1953, 115 F.Supp. 477. By reason thereof, the court is not bound by the decision of the Interior Board of Contract Appeals. John A. Johnson Contracting Corp. v. United States, 1955, 132 F.Supp. 698, 132 Ct.Cl. 645; Wagner Whirler & Derrick Corp. v. United States, 1954, 121 F.Supp. 664, 128 Ct. Cl. 382; Farwell Co. v. United States, supra, and see 41 U.S.C.A. § 322. The court in this case must make its independent determination of the meaning of the contract based upon the evidence adduced before the administrative tribunals.

■ Contract Drawing 12–D–821 depicted a portion of the channel which plaintiff contracted to enlarge and improve. It showed that more material was required to be removed from the eastern side of the new channel center than from the western side. It required that the channel be constructed to hold 4,000 cubic feet of water per second. However, the specifications of the contract do not require the banks to be equal in height, nor do they or Drawing 12–D–821 provide for or show a minimum height for the channel banks. I find that the channel as it was being constructed by plaintiff would hold 4,000 cubic feet of water per second; and, in my view, the resident engineer's instructions and the amended Drawing 12–D–821, which required plaintiff make such banks at least 18 feet and equal in height, imposed upon plaintiff a burden which the contract as executed did not require.

Ordinarily, this case would be remanded to the administrative agency to assess damages. However, the subject of damages was considered by the administrative tribunals. The evidence adduced by the contractor, the plaintiff here, was unsatisfactory but the evidence adduced by the Bureau of Reclamation

was detailed and in my opinion fair and accurate. I therefore find that plaintiff is entitled to the sum of $4,189.19.

Plaintiff shall prepare findings of fact, conclusions of law and a judgment for plaintiff, all in accordance with this opinion.