George R. HOFFMANN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 6218.

United States Court of Appeals
Tenth Circuit.

Feb. 20, 1960.

Donald E. Willson, Kansas City, Mo. (Popham, Thompson, Popham, Trusty & Conway, Kansas City, Mo., were with him on the brief), for appellant.

Milton P. Beach, Oskaloosa, Kan. (George C. Doub, Washington, D. C., Wilbur G. Leonard, Council Grove, Kan., Alan S. Rosenthal, Sherman L. Cohn, Washington, D. C., were with him on the brief), for appellee.

Before MURRAH, Chief Judge, BREITENSTEIN, Circuit Judge, and CHRISTENSON, District Judge.

MURRAH, Chief Judge.

This is an appeal from a judgment of the district court in a suit by the Government against a procurement contractor for damages due to the default of a procurement contract. The trial court's judgment against the appellant contractor is based primarily upon the conclusiveness of the administrative findings of the Armed Services Board of Contract Appeals to the effect that the default did not result from conditions beyond the control of appellant as provided in the contract and that the liquidated damages were reasonable. The judgment is also based upon record evidence in support of the administrative findings. On appeal, the appellant attacks the finality of the administrative determinations and the sufficiency of evidence to support them.

The findings of the Board of Contract Appeals introduced into evidence by the Government in the trial court showed that on June 25, 1951, the appellant, George Hoffmann entered into a written contract with the Department of the Air Force to furnish metal tubing used in jet fighter aircraft. The contract price was $8,898 and delivery was to be completed by December 23, 1951.

The contract authorized the Government to terminate the agreement after default for non-delivery if there was no excusable delay within the meaning of the provisions of the contract and to charge the defaulting party with any excess costs required to reprocure contracted items. It was provided however, that the contractor should not be liable for any excess costs if his non-performance arose out of causes beyond his control and without his fault or negligence, or in the event of default of subcontractors due to the same causes. And it was also provided that in the event a dispute arose concerning a question of fact, the final decision of the Secretary of the Department or his representative would be conclusive. The Armed Services Board of Contract Appeals was the designated representative to determine such disputes.

No deliveries were made by Hoffmann and in February, 1952, the contracting officer canceled the agreement. On appeal, the Board affirmed this action in the face of Hoffmann's claim that his non-performance was due to the failure of a subcontractor to furnish component parts necessary for contract fulfillment. Upon consideration of appellant's evidence, the Board ruled that it was possible for him to secure such component parts and that he failed to purchase them because he was required to pay a higher price than he had anticipated, thus cutting his margin of profit. The amount of damages was unascertainable at that time and was not determined.

When this contract was entered into, the provisions making the administrative determinations of factual disputes binding on the parties were valid and enforceable in the absence of fraud, alleged and proved. United States v. Wunderlich, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113.

When this case was filed however, Congress had ameliorated the decisional rule to provide in effect that the administrative decisions on questions of fact arising out of Government contracts were final and conclusive unless they were shown to be "fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence." 68 Stat. 81, 41 U.S.C.A. § 321.

The appellant takes the position that this statute is inapplicable to contracts in force at the time of its enactment. But the Act is made expressly applicable to "any suit now filed or to be filed." See Report 1380 of the Committee of the Judiciary of the House of Representatives, 83rd Cong., 2nd Sess., p. 5; U.S.Code Congressional and Administrative News 1954, Vol. 2, pp. 2191, 2195. Cf. Triple "A" Machine Shop, Inc., v. United States, 9 Cir., 235 F.2d 626.

There is no contention that the contract officer acted fraudulently, capriciously or in bad faith and it follows that the Board's factual determination is binding unless it is shown not to be supported by substantial evidence. Lowell O. West Lumber Sales v. United States, 9 Cir., 270 F.2d 12; Wells & Wells, Inc. v. United States, 8 Cir., 269 F.2d 412; Mann Chemical Laboratories, Inc. v. United States, D.C., 174 F.Supp. 563; L. W. Foster Sportswear Co. v. United States, D.C., 145 F.Supp. 148; Langoma Lumber Corp. v. United States, D.C., 140 F.Supp. 460, affirmed 3 Cir., 232 F.2d 886.

It is appellant's position that the Government, having undertaken to prove that the Board's findings were supported by substantial evidence had the burden of doing so and failed. But even though the Government voluntarily assumed the burden of factually supporting the administrative findings, we think it did so. The evidence was amply sufficient to support the Board's findings and in any event, we certainly cannot say that the trial court's judgment based on the record evidence is clearly erroneous.

The appellant also complains of the reasonableness of the judgment. The evidence shows that after the declaration of default, the Government issued other bids and after considerable negotiation, consummated a reprocurement contract which was $4,753.44 higher than the appellant's contract price. The contracting officer assessed this amount against Hoffmann as excess costs. The appellant appealed to the Board contending the amount was unreasonable and unjustified. After hearing testimony, including the appellant himself, the Board determined that the Government did everything possible to secure materials at the best competitive price and the price paid was not unreasonable. The trial court held these findings also conclusive and rendered judgment accordingly.

Inasmuch as the contract provided, " * * * the Government may procure, upon such terms and in such manner as the Contracting Officer may deem appropriate, supplies or services similar to those so terminated," the appellant had the burden of showing that the cost of reprocurement was unreasonable. See United States v. Warsaw Elevator Co., 2 Cir., 213 F.2d 517; United States v. Elliott Truck Parts, Inc., D.C., 149 F. Supp. 52, affirmed 6 Cir., 261 F.2d 835. We agree with the Board of Contract Appeals and with the trial court that appellant failed to sustain such burden.

Appellant also complained of the dismissal of his counterclaim but the counterclaim necessarily falls with this defense to the Government claim. The judgment is affirmed.