**ALLIED PAINT & COLOR WORKS, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
Oct. 24, 1960.

Philip Myer, New York City, for plaintiff, Lewis & McDonald and Robert D. Witte, New York City, of counsel.

S. Hazard Gillespie, Jr., U. S. Atty., for Southern Dist. of New York, New York City, for defendant, Joseph M. Field, Asst. U. S. Atty., New York City, of counsel.

MacMAHON, District Judge.

The government moves, pursuant to a pretrial order of the court, for an order precluding the taking of testimony and directing that the scope of judicial review be limited to consideration of whether the decision by the Armed Services Board of Contract Appeals in this case was supported by substantial evidence and was correct in matters of law.

Plaintiff contracted with the United States Navy to furnish it with a specified number of paint kits. The Navy was to furnish a sufficient quantity of phosphorescent paint to be used as a component in the kits. The contract (No. N383s–77428) provided for an administrative determination of disputes arising under the contract and also provided that the risk of loss of government furnished property was to be borne by the contractor.

The Navy did not furnish a sufficient quantity of phosphorescent paint, and performance under the contract lapsed until a subsequent contract, No. N3835–97516, was executed. The second contract required the contractor to supply sufficient phosphorescent paint to complete the earlier agreement and also provided that the risk of fire loss for government furnished property was on the government.

A government agent inspected 1,118 quarts of paint, and they were accepted by the government. A fire ensued, destroying the paint, and the government required the plaintiff to furnish an additional 1,118 quarts of paint to complete the first contract.

Plaintiff exhausted the procedures set out in the contract, and the Board of Contract Appeals held that acceptance of the paint by the government inspector in effect rendered it government furnished property under the first contract and that the risk of loss, therefore, was on the plaintiff.

It is plaintiff's contention now that the interpretation of the contract is solely a question of law which may be tried in the first instance by this court without regard to the record made before the administrative board. Plaintiff is in the somewhat paradoxical position of maintaining that there are no factual issues in dispute, but that a trial de novo must be held to determine the law applicable to the dispute.

The Wunderlich Act, 41 U.S.C.A. §§ 321, 322, does not require the district court to try de novo every case which has run the gamut of the administrative procedure provided for in the government contract solely because an issue of law is present. Section 322 merely provides that a decision of an administrative board on a question of law is not final.

It was not intended that the Court should discard the record made before the administrative board in passing on the validity of the board's determination of the legal questions involved. "Otherwise the hearing before the Board would be rendered nugatory and constitute a time-consuming nullity providing both parties with two opportunities to present their case." United States v. Hamden Co-Operative Creamery Co., 185 F.Supp. 541, 545 (E.D.N.Y.1960). The Court, in this case, must make its independent determination of the meaning of the contract based upon the evidence adduced before the administrative tribunal. McKinnon v. United States, 178 F.Supp. 913 (D.Ore. 1959).

Although the plaintiff has phrased what it considers several questions of law, ultimately each of them presents a single issue: When the paint was accepted by the government inspector, did it become "government furnished property" under the first contract?

The determination of the legal question presented by that issue will be determined on the record made before the Board of Contract Appeals. Accordingly, defendant's motion to preclude the taking of further testimony is granted.

Both parties are directed to file memoranda of law with the court by October 26, 1960 directed solely to the legal question set out above.

So ordered.