UNITED STATES of America,
Appellant,

v.

A. J. McKINNON, doing business as McKinnon Construction Company, Appellee.

No. 16891.

United States Court of Appeals
Ninth Circuit.

April 3, 1961.

---

drawings, we cannot come up with a question of law. And, one just must take his government contracts subject to applicable statutes.

The judgment is reversed.

---

George Cochran Doub, Asst. Atty. Gen., and John G. Laughlin, Atty. for Dept. of Justice, Washington, D. C., C. E. Luckey, U. S. Atty., Portland, Or., for appellant.

Dean M. Alexander, Portland, Or., for appellee.

Before CHAMBERS, HAMLIN and MERRILL, Circuit Judges.

UNITED STATES of America, Appellee,

v.

PER CURIAM.

The issue here involves a claim for extra work under a government contract for dredging. In appellee's view, the basic contract did not require that he equalize the banks of the channel in a given area being excavated. This, at greater expense to the appellee, the Bureau of Reclamation insisted upon. The Interior Board of Contract Appeals found by a divided vote in favor of the government.

In our judgment, the root of the case is a fact question. No finding has been made that the board's decision was "fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith." See 41 U.S.C.A. § 321. And, we do not see how such a finding could be made here. The decision below, in our opinion, is in conflict with Lowell O. West Lumber Sales v. United States, 9 Cir., 270 F.2d 12.

■■ In our view the function of the board was to determine just what it did here. While we think it properly could have held the other way on the record, it did not. Looking at the contract and