**M. BERGER COMPANY, a corporation,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

Civ. A. No. 60-503.

United States District Court
W. D. Pennsylvania.

Oct. 24, 1961.

---

10. Keenan Hanley et al., v. Hayden Leason et al., CA #1362, (Delaware Chancery Court).

Stanley Ostrow, of Crone & Cohen, Pittsburgh, Pa., for plaintiff.

Byron E. Kopp, Asst. U. S. Atty., Pittsburgh, Pa., for the United States.

MARSH, District Judge.

Plaintiff brought this action under the Tucker Act, 28 U.S.C.A. § 1346(a) (2), to recover damages "for breach of contract warranty * * * including sums representing the return of purchase price to plaintiff, damages for transportation and

storage charges, and damages for loss of plaintiff's profit." After answering the complaint, the Government filed a motion for summary judgment, accompanied by a certified copy of the contract and administrative proceedings including the findings and decision of the Navy Panel of the Armed Services Board of Contract Appeals, and averred that said findings are conclusive and supported by substantial evidence.

Plaintiff did not allege or prove at the hearing on the motion or in any of the administrative proceedings that the adverse decision of the Board was fraudulent, capricious, arbitrary, or grossly erroneous, but contended that it was not supported by substantial evidence.

■ Pursuant to the "Disputes" clause in the contract involved and to § 321, Title 41 U.S.C.A., the Board's findings of fact are conclusive and binding on the parties and this court unless it is shown that they are not supported by substantial evidence. Hoffmann v. United States, 10 Cir., 1960, 276 F.2d 199, 201; Wells & Wells, Inc. v. United States, 8 Cir., 1959, 269 F.2d 412, 415; Lowell O. West Lumber Sales v. United States, 9 Cir., 1959, 270 F.2d 12, at pages 18–19; United States Nat. Bank of Portland v. United States, D.C.D.Or.1959, 178 F. Supp. 910.

An examination of the record discloses that the Board's findings are fully supported by undisputed evidence, and, in my opinion, its decision adverse to plaintiff based on those findings is correct under the law.

A résumé of the record reveals that about May 14, 1959, the Disposal Department of the Naval Supply Center, Oakland, California, issued its standard sale invitation and contract soliciting bids for the purchase of 34 items of medical, surgical, and dental materials located at the Naval Supply Annex, Stockton, California.

The sale invitation contained the following pertinent clauses:

"INSPECTION.—Bidders are invited and urged to inspect the property to be sold prior to submitting bids. Property will be available for inspection at the places and times specified in the Invitation. The Government will not be obliged to furnish any labor for such purpose. In no case will failure to inspect constitute grounds for a claim or for the withdrawal of a bid after opening.

"CONDITION OF PROPERTY. —All property listed herein is offered for sale 'as is' and 'where is', and without recourse against the Government. If it is provided herein that the Government shall load, then 'where is' means f. o. b. conveyance at the point specified in the Invitation. The description is based on the best available information, but the Government makes no guaranty, warranty, or representation, expressed or implied, as to quantity, kind, character, quality, weight, size, or description of any of the property, or its fitness for any use or purpose, and no claim will be considered for allowance or adjustment or for rescission of the sale based upon failure of the property to correspond with the standard expected; this is not a sale by sample.

\* \* \* \* \* \*

"DISPUTES.—Except as otherwise specifically provided in this contract, all questions of fact involved in disputes arising under this contract shall be decided by the contracting officer, whose decision upon said facts shall be final and conclusive upon the parties, subject to written appeal by the Purchaser within thirty (30) days to the head of the department or his duly authorized representative, whose decision on said facts shall be final and conclusive upon the parties hereto. In the meantime, the Purchaser shall diligently proceed with performance."

The plaintiff bid, inter alia, on Item 8 which was described in the sales invitation as follows:

"ITEM 8—NSA

BANDAGE, compress, white, 4 x 4″, sterilized, Mfrs. Handy Pad Supply Co., and Mine Safety Appliance Co.

Acquisition: $17,373.28. Apparently unused—in good condition.

Approx. wt. 14,575 lbs.—cu. 700—in boxes. Packed for shipment. * * * "

On June 6, 1959, the plaintiff was informed that its bid had been accepted in regard to 25,929 units of Item 8. On July 1, 1959, subsequent to paying the amount bid and receiving the goods, the plaintiff advised the Contracting Officer that all of the bandages received were of a camouflaged color (brown); that the bandages inspected prior to the bid were white; and that it wanted the bandages received exchanged for white bandages. The Officer replied that the material delivered could not be exchanged for all white bandages because the material delivered was the material displayed, and, hence, under the terms of the contract the plaintiff was precluded from relief.

Pursuant to the "Disputes" clause, the plaintiff appealed from the decision of the Contracting Officer to the Board of Contract Appeals, the authorized representative of the Secretary of the Navy, to hear and determine appeals taken under provisions of Armed Services contracts.

■ The Board dismissed the appeal insofar as damages were demanded and denied the remainder of the appeal after having found:

"(a) [A]ppellant [plaintiff] received 25920 bandages that were actually displayed as part of Item 8 for sale under the Invitation; (b) there is evidence that the boxes awarded to appellant contained white and camouflaged bandages; (c) appellant was cautioned to inspect

Item 8 before bidding, but apparently did not inspect all the boxes; (d) that no subtraction from, addition to or substitution of other items for those sold to appellant took place between the time of display and the time of delivery to the designated trucking concern; (e) the contract plainly states that the sale is on a 'where is' and 'as is' basis and not one by sample; and (f) in failing to inspect all the boxes under these circumstances appellant assumed the risk with regard to the color of the bandages in the uninspected boxes."

These findings were fully supported by the four affidavits submitted to the Board by the Government and by the terms of the contract involved. The plaintiff did not submit any evidence; it failed to prove that it inspected the boxes of bandages in Item 8 prior to bidding; it failed to prove the color of the bandages actually delivered. Although there was no direct evidence on the point, I assume, as do the parties and the Board, that the boxes of bandages actually delivered to plaintiff contained a commingling of white and camouflaged bandages.[1]

■ On the questions of law, i. e., whether there was a breach of warranty or a breach of contract, the court must make an independent determination of the meaning of the contract entered into by the parties based, of course, upon the undisputed evidence adduced before the Board and its findings of fact pursuant thereto. Title 41 U.S.C.A. § 322. The Board's decision on questions of law is not final. Kayfield Construction Corp. v. United States, 2 Cir., 1960, 278 F.2d 217; McKinnon v. United States, D.C.D.Or. 1959, 178 F.Supp. 913, reversed on other grounds 9 Cir., 1961, 289 F.2d 908; Kenny Construction Co. v. District of Columbia, 1959, 105 U.S.App.D.C. 8, 262 F.2d 926.

---

1. Plaintiff alleged that all camouflaged or brown bandages were delivered, but having failed to offer any evidence, it did not meet its burden of proof on that point

before the Board. See: Hoffmann v. United States, 10 Cir., 1960, 276 F.2d 199, 201.

The contract is composed of the Invitation, Bid and Acceptance. The material parts thereof are quoted above.

Plaintiff contends that the misdescription of the bandages was a breach of a warranty that the property sold would not materially differ in character from the property described in the contract. This contention is without merit. The "Condition of Property" clause provides:

"* * * [T]he Government makes no * * * warranty * * expressed or implied, as to * * * character * * * or description of any of the property * * *."

It has been observed that "under the terms of the sale, with inspection invited prior to the submission of bids [in the case at bar prior inspection was cautioned on all the continuation sheets], *caveat emptor* was certainly intended to be applied to the furthest limit that contract stipulations could accomplish it." United States v. Silverton, 1 Cir., 1952, 200 F.2d 824, 827. Since the evidence establishes that plaintiff actually received the bandages displayed for inspection as Item 8, what the case comes down to, as found by the Board, is that it "disregarded repeated warnings in the [contract] * * * to inspect the property and has only itself to blame for the predicament in which it finds itself." Dadourian Export Corp. v. United States, 2 Cir., 1961, 291 F.2d 178, 183.

■ Plaintiff's only safe course under the contract lay in making an adequate inspection before bidding; failing to do so, it cannot now be heard to complain of a breach of warranty that was never made to it. Maguire & Co. v. United States, 1927, 273 U.S. 67, 47 S.Ct. 274, 71 L.Ed. 540; American Elastics v. United States (Chicago contract), 2 Cir., 1951, 187 F.2d 109; Western Non-Ferrous Metals Corp. v. United States, D.C.N.D. Cal., S.D.1961, 192 F.Supp. 774; United States v. Kelly, D.C.E.D.Mo., E.D.1953, 112 F.Supp. 831.

Plaintiff also argued that the term "white" as used in the description of Item 8 is so basic that unless the bandages received were all white, then it must be found as a matter of law that the defendant breached the contract in delivering white and camouflaged bandages, notwithstanding the fact that it had an opportunity to inspect the goods prior to bidding.

■ Although it was said by way of dictum in United States v. Silverton, supra, that even the full disclaimers found in surplus contract provisions would not be sufficient to render the buyer remediless were the Government to send apples instead of oranges, a comparable situation does not exist in the instant case. A bandage is still a bandage even though not white. Therefore, it cannot be held as a matter of law that the Government breached the "as is" and "where is" contract by delivering boxes containing white and camouflaged bandages in the light of the undisputed evidence that it delivered to plaintiff the boxes of bandages actually displayed as Item 8 upon which plaintiff had bid after having had an opportunity to inspect. Dadourian Export Corp. v. United States, supra; Standard Magnesium Corp. v. United States, 10 Cir., 1957, 241 F.2d 677; M. Samuel & Sons v. United States, 1925, 61 Ct.Cl. 373. Cf. Lipshitz & Cohen v. United States, 1925, 269 U.S. 90, 46 S.Ct. 45, 70 L.Ed. 175. The rationale of the cases cited is opposed to any recovery by plaintiff on grounds of breach of contract or breach of warranty.

■ Finally, plaintiff contends that this court should try this case de novo since there are issues of law involved. I do not agree. Since the findings of the Board are supported by substantial evidence, the court is confined to the record made before the Board, Wells & Wells, Inc. v. United States, supra, 269 F.2d at page 415; United States Nat. Bank of Portland v. United States, supra, and should decide the questions of law based upon the evidence adduced before the Board, Kayfield Construction Corp. v. United States, supra; McKinnon v. United States, supra; Allied Paint & Color Works, Inc. v. United States, D.C.S.D. N.Y.1960, 199 F.Supp. 285, "otherwise

the hearing before the Board would be rendered nugatory and constitute a time-consuming nullity providing both parties with two opportunities to present their case." United States v. Hamden Co-Operative Creamery Co., D.C.E.D.N.Y.1960, 185 F.Supp. 541, 545.

The defendant's motion for summary judgment will be granted.